Argued and submitted December 11, 2000, affirmed March 14, 2001

Denise AYRES,
*Appellant,*

*v.*

Chung BAE,
*Respondent.*

(9903-02239; CA A108868)

20 P3d 862

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■

Willard E. Merkel argued the cause for appellant. With him on the briefs was Popick & Merkel.

Janet M. Schroer argued the cause for respondent. With her on the brief was Hoffman, Hart & Wagner, LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

■■■■■

**LINDER, J.**

In this negligence action arising out of a motor vehicle accident, plaintiff appeals a circuit court judgment that reversed an arbitrator's determination that she was entitled to attorney fees pursuant to ORS 20.080 (1997). We review for errors of law and affirm.

The following facts are undisputed. On March 25, 1997, plaintiff and defendant were involved in a motor vehicle accident. A few days after the accident and before plaintiff obtained legal counsel, defendant's insurer offered to pay plaintiff $250 for her claim and $250 for each of her two sons' claims. Although plaintiff initially indicated that she would accept that offer and defendant's insurer sent her a check for $750 total, plaintiff returned the check.

Plaintiff subsequently obtained legal counsel, who sent a demand letter to defendant and her insurer in February 1999. In compliance with the requirements of ORS 20.080 (1997), that letter notified them of plaintiff's intention to seek $4,000 in damages. Defendant's insurer responded, indicating that plaintiff's claim had been denied because there were no damages to plaintiff or to her vehicle. At that time, defendant's insurer did not offer to settle with plaintiff. Shortly thereafter, plaintiff filed a negligence action against defendant, asserting, among other things, that she was entitled to attorney fees under ORS 20.080 (1997). In her answer, defendant denied being negligent or causing injury to plaintiff. In July 1999, defendant's attorney sent a letter to plaintiff that "reiterated" the earlier $750 settlement offer ($250 per person) that defendant's insurer had made after the accident. The case ultimately went to arbitration, where plaintiff prevailed. The arbitrator, however, awarded plaintiff only $100 in damages, together with $705.50 in costs and $3,004.25 in attorney fees.

Pursuant to ORS 36.425(6), defendant filed written exceptions directed only to the arbitrator's award of attorney fees.[1] The circuit court concluded that the arbitrator incorrectly determined that plaintiff was entitled to attorney fees

---

[1] Although the record indicates that defendant labeled the document containing those exceptions an "appeal," we emphasize that that is not the proper term for exceptions to an arbitrator's decision under ORS 36.425(6). That statute provides:

pursuant to ORS 20.080 (1997), and it entered a money judgment accordingly. On appeal, plaintiff challenges the circuit court's failure to award attorney fees.

The text of a statute is the starting point for its interpretation and presents the best evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 20.080(1) (1997) specifies what must happen for a plaintiff to recover attorney fees. It provides, in part:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action * * *. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action * * *, an amount not less than the damages awarded to the plaintiff."

The first sentence of ORS 20.080(1) (1997) contains the following prerequisites to recovery of attorney fees in a negligence action: (1) the amount pleaded must be $4,000 or less; (2) the plaintiff must prevail; and (3) the plaintiff must have sent a written demand letter at least 10 days before the commencement of the action. The last sentence of the statute imposes a further limit on a prevailing party's ability to recover attorney fees: No attorney fees shall be allowed if the court finds that the defendant tendered to the plaintiff an amount equal to or greater than the damages ultimately

---

"Within seven days after the filing of a decision and award under subsection (1) of this section, a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. * * * *The filing of exceptions under this subsection does not constitute an appeal* under subsection (2) of this section and does not affect the finality of the award in any way other than as specifically provided in this subsection."

(Emphasis added.)

awarded to the plaintiff and that the defendant did so before the commencement of the action.

In this appeal, it is undisputed that the amount that plaintiff pleaded was $4,000 or less, that plaintiff sent a written demand letter before commencement of the action, and that plaintiff was the prevailing party. However, it is also undisputed that defendant's insurer offered to pay plaintiff $250 for her claim almost two years before she commenced her negligence action against defendant, which exceeded the $100 in damages ultimately awarded to plaintiff by the arbitrator. That fact squarely triggers the disqualification provided in the last sentence of ORS 20.080 (1997). Consequently, the circuit court correctly concluded that plaintiff cannot recover attorney fees in this case.

Plaintiff, in arguing to the contrary, relies primarily on *Landers v. E. Texas Motor Frt. Lines,* 266 Or 473, 477, 513 P2d 1151 (1973). That case, however, simply is not on point. *Landers* concerned only the sufficiency of a plaintiff's demand letter under a prior version of ORS 20.080. *Landers* neither involved nor has any bearing on the portion of ORS 20.080 (1997) concerning a plaintiff's entitlement to attorney fees when the defendant has tendered to the plaintiff prior to the commencement of the action an amount not less than the damages awarded to the plaintiff.

Plaintiff's only other point worth discussing is that a literal reading of ORS 20.080 (1997) would lead to a harsh or absurd result in some circumstances. According to plaintiff, an insurer conceivably could make a settlement offer, withdraw that offer before a plaintiff accepted it, and thereby avoid paying attorney fees under the statute. To fix that problem, plaintiff asks us to read the statute to require a defendant to make a settlement offer *after* a plaintiff's written demand but *before* the commencement of the action in order to receive the benefit of the limitation contained in ORS 20.080 (1997). To so read the statute would require us to add a provision that simply is not there. We are not at liberty to do that. *See* ORS 174.010 (statutory directive "not to insert what has been omitted, or to omit what has been inserted"); *State v. Vasquez-Rubio,* 323 Or 275, 282-83, 917 P2d 494

(1996) (declining to apply the absurd-result maxim at the first level of statutory construction).

We conclude that the trial court did not err in denying plaintiff attorney fees under ORS 20.080 (1997).

Affirmed.