Argued and submitted September 7, award of attorney fees reversed;
otherwise affirmed December 27, 2006

Joan HUNTLEY,
*Plaintiff,*

*v.*

TRI-COUNTY METROPOLITAN TRANSPORTATION
DISTRICT OF OREGON,
*Defendant,*

TRI-COUNTY METROPOLITAN TRANSPORTATION
DISTRICT OF OREGON,
*Third-Party Plaintiff,*

*v.*

Marcia HOFFMAN,
*Third-Party Defendant.*

Marcia HOFFMAN,
*Appellant,*

*v.*

Joan HUNTLEY,
*Respondent.*

0312-13544; A129233

149 P3d 1268

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Willard E. Merkel argued the cause for respondent. With him on the brief was Merkel & Associates.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Third-party defendant Marcia Hoffman appeals from a judgment that included an award of attorney fees in favor of plaintiff Joan Huntley. Hoffman contends that the trial court erred in awarding attorney fees because she was not provided with a prelitigation demand under ORS 20.080(1). We agree and reverse the attorney fee award.

The facts are not disputed. Plaintiff was a passenger on a TriMet bus when the bus collided with a vehicle driven by Hoffman. Pursuant to ORS 20.080(1), plaintiff made a written demand on defendant TriMet for compensation for her injuries at least 10 days before she commenced her action for damages against TriMet. After plaintiff commenced the action, TriMet filed a third-party complaint against Hoffman for contribution and later amended that complaint to seek additional damages for the cost of repairing the bus.

The trial court transferred the case to arbitration pursuant to ORS 36.400, and the arbitrator entered awards for plaintiff against both Hoffman and TriMet on November 19, 2004. Hoffman filed an appeal of the arbitration award and requested trial *de novo* on December 3, 2004, at which time the case was returned to the active trial calendar. On January 14, 2005, in response to Hoffman's request for trial *de novo*, plaintiff filed a motion for entry of judgment, contending that

"Plaintiff's suit was against Tri-Met only and neither Plaintiff nor Defendant requested trial de novo. Third Party Defendant Marcia Hoffman has requested trial de novo on Tri-Met's Third Party Complaint against her, but this does not require the Plaintiff's unrelated cause of action to be tried to a jury."

In expressly disavowing any claim against Hoffman, plaintiff explained that "Third Party Defendant is not entitled to a trial de novo as to Plaintiff who did not assert a claim against her."

The record before us does not disclose how or whether the trial court ruled on plaintiff's motion for entry of judgment. It does indicate, however, that on March 18, 2005,

TriMet filed an offer to allow judgment in the amount of $2,550 in damages and $3,250 in costs and attorney fees pursuant to ORCP 54 E.[1] Plaintiff filed an acceptance of that offer on April 1, 2005. Approximately, two weeks later, TriMet filed a trial memorandum explaining that, because plaintiff accepted TriMet's offer of judgment,

> "as the pleadings presently stand, the only claim left for trial is TriMet's property damage claim against Ms. Hoffman. * * * TriMet understands that Ms. Huntley will seek to proceed with a claim directly against Ms. Hoffman * * *. If the court grants Ms. Huntley leave to proceed against Ms. Hoffman, then TriMet has agreed to dismiss its property damage claim against Ms. Hoffman."

On the day of trial, TriMet dismissed its complaint against Hoffman, thereby ending its involvement in the case.

Plaintiff then proceeded to trial against Hoffman, contending that ORCP 22 C[2] authorized her to do so. The trial court agreed, and the case was tried to a jury. The jury found TriMet and Hoffman equally liable for plaintiff's injuries[3] and returned a verdict for damages in the amount of $2,249.90[4] on April 15, 2005.

Plaintiff petitioned for an award of attorney fees against Hoffman under ORS 20.080(1). Hoffman objected on the basis that plaintiff had not provided *Hoffman* with a written demand for payment of her tort claim as required by ORS 20.080(1), but the trial court concluded that the notice that

---

[1] ORCP 54 E provides, in part, that

"the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified."

[2] ORCP 22 C provides, in relevant part, that a plaintiff "may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff."

[3] Although TriMet was no longer a party to the action, it was necessary for the jury to determine both TriMet's and Hoffman's percentages of fault for plaintiff's injuries because of Oregon's abolition of joint and several liability. *See* ORS 31.610(1).

[4] The court entered a judgment for damages against Hoffman in the amount of $1,124.95 because the jury concluded that Hoffman was only 50 percent liable for plaintiff's injuries. *See* ORS 31.610(2). That portion of the judgment has been satisfied.

plaintiff gave to *TriMet* under ORS 20.080(1) met the statutory requirement and awarded plaintiff attorney fees and costs in the amount of $9,593.[5] We review the trial court's allowance of attorney fees under ORS 20.080(1) for legal error. *Ayres v. Bae*, 173 Or App 53, 55, 20 P3d 862 (2001).

On appeal, Hoffman argues that plaintiff was not entitled to attorney fees because she never demanded in writing to Hoffman that Hoffman pay her underlying claim for damages, as required by ORS 20.080(1). Plaintiff contends that the notice she provided to TriMet was sufficient because the rules and statutes governing third-party practice, specifically ORS 31.610(2) and ORCP 22 C, require the trial court "to enter Judgment in favor of plaintiff and against any third-party defendant who is found liable in any degree, even if the plaintiff did not make a direct claim against the third-party defendant."

We conclude that the trial court erred when it allowed attorney fees under ORS 20.080(1) against Hoffman. That statute authorizes the entry of an attorney fee award only "if the court finds that written demand for the payment of *such claim was made on the defendant.*" ORS 20.080(1) (emphasis added). Viewing that text in context, *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (setting forth the proper methodology for statutory interpretation), we conclude that the required prelitigation demand must be made for the *same claim* and provided to the *same defendant* against whom the plaintiff prevailed at trial.

We begin by analyzing the meaning of the term "such claim." We have previously held that a plaintiff may seek fees under ORS 20.080(1) if, and only if, she made a prelitigation demand for payment of the same claim on which she prevailed. *See Beers v. Jeson Enterprises*, 165 Or App 722, 998 P2d 716 (2000) (where the plaintiff's prelitigation demand threatened to file "a lawsuit" and she later filed two actions alleging distinct claims that were consolidated for arbitration, she was entitled to attorney fees for prosecuting

---

[5] The court allowed $12,843 in attorney fees and costs but entered judgment in the amount of $9,593 after discounting the $3,250 plaintiff had received for attorney fees and costs from TriMet.

only one of the consolidated claims). Here, plaintiff provided notice only of her claim that TriMet was negligent. She did not provide notice of any claim against Hoffman. Accordingly, she is not entitled to an award of attorney fees related to any claim she pursued against Hoffman.

The context of ORS 20.080, specifically Supreme Court precedent clarifying the purpose of the statute, establishes that the written demand for payment of a claim must be made on *the same defendant* against whom the plaintiff prevailed on "such claim." *See State v. Stubbs,* 193 Or App 595, 600, 91 P3d 774, *rev den,* 337 Or 669 (2004) (noting that prior judicial construction of a statute should be considered at the first level of *PGE* analysis). Specifically, in *Colby v. Larson,* 208 Or 121, 125-26, 297 P2d 1073, *reh'g denied,* 208 Or 121, 299 P2d 1076 (1956), the Supreme Court addressed the original language of ORS 20.080, which was identical in all relevant respects[6] to the current ORS 20.080(1):

> "ORS 20.080 is a special statute passed in 1947 to meet a particular situation. It * * * was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements. Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious lawsuit. The legislature may have found that tort feasors or their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed."

(Citations omitted.) The purpose of the statute is served only if the plaintiff gives each defendant in an action an opportunity to settle the plaintiff's claim against that particular defendant. It does not promote settlement "without litigation" to require a third-party defendant to pay attorney fees

---

[6] ORS 20.080 has since been amended to increase the jurisdictional limit and to provide that a defendant who prevails on a counterclaim may be awarded attorney fees. *Bennett v. Minson,* 309 Or 309, 312 n 1, 315, 787 P2d 481 (1990).

to a plaintiff who did not provide such defendant with an opportunity to settle before she asserted her claim. *Cf. Bennett*, 309 Or at 315 (with respect to ORS 20.080(2), "the legislature intended to apply the same policy considerations to defendants' counterclaims as it had previously applied to plaintiffs' claims").

Considering the operative text of the statute, requiring that "written demand for the payment of *such claim* was made on *the defendant*," in context, as noted above, we conclude that the required prelitigation demand must be made regarding the *same claim* and provided to the *same defendant* against whom the plaintiff prevailed at trial. (Emphasis added.) In this case, plaintiff failed to provide Hoffman with written demand for the payment of her claim. While plaintiff provided TriMet with an opportunity to settle plaintiff's claim against TriMet before commencing litigation, TriMet was not "the defendant" on the claim plaintiff later asserted against Hoffman and upon which plaintiff prevailed at trial.

Plaintiff insists that Oregon third-party practice, which was modeled on federal impleader, permits "the original defendant * * * [to] transfer to the third-party defendant *all* liabilities asserted against him by the original plaintiff," and thus the purpose of third-party practice would be undermined if notice on TriMet were deemed insufficient as to Hoffman. (Emphasis in original.) Plaintiff misunderstands the interaction of ORCP 22 C and ORS 31.610(2). ORCP 22 C provides two ways in which a third-party defendant can be liable to a plaintiff. The first provides that a defendant, "as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of *the plaintiff's claim against the third party plaintiff * * *.*" This type of third-party liability is also addressed in ORS 31.610(2), which provides that, if the third-party defendant is found liable for any part of the plaintiff's claim against the defendant, judgment is to be entered in the plaintiff's favor against the third-party defendant for that portion of the plaintiff's damages even if the plaintiff never formally asserted a claim against the third-party defendant. Thus, because of ORS 31.610(2), if the defendant (as third-party plaintiff) serves a summons and complaint on a third-party

defendant pursuant to this provision of ORCP 22 C, no action by the plaintiff is required to obtain a judgment for damages against the third-party defendant.

The second way in which a third-party defendant can be liable to a plaintiff under ORCP 22 C is set forth in the fifth sentence of the rule, which provides that the "plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff * * *." Under that provision, the plaintiff may assert against the third-party defendant (1) a claim identical in nature to the claim brought against the third-party plaintiff[7] or (2) a claim of a different character, so long as it arises out of the same transaction or occurrence. When such a claim is asserted, the original defendant (the third-party plaintiff) has no involvement in that claim as a party.

When TriMet filed its original answer and third-party complaint, Hoffman's potential liability to plaintiff did not require plaintiff to assert a claim against her, and plaintiff did not assert any claim directly against Hoffman. Rather, TriMet asserted that Hoffman was liable for the damages, if any, demanded in plaintiff's claim against TriMet. Thus, Hoffman was potentially liable to plaintiff solely by virtue of TriMet's third-party complaint against Hoffman. That potential liability ended, however, when the trial court dismissed TriMet's third-party complaint. At that point, Hoffman could be liable to plaintiff only if plaintiff directly asserted a claim against her under ORCP 22 C.

That is evidently what happened here. Plaintiff prevailed at trial on her claim against Hoffman, but not her claim against TriMet, as the latter had been disposed of through a pretrial settlement. Because she did not make a prelitigation demand for payment of her claim against Hoffman, plaintiff is not entitled to attorney fees for prevailing on "such claim."

---

[7] Of course, ORS 31.610(2) obviates the need for the plaintiff to do so with respect to claims for damages unless the third-party plaintiff settles before trial, as was the case here.

Plaintiff contends that the notice to TriMet was sufficient because "ORCP 22 C authorize[s] plaintiff to assert any claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third-party plaintiff." Although ORCP 22 C entitled plaintiff to assert any claim arising out of the accident against Hoffman, plaintiff still carried the burden of proving the elements of any claim she asserted under the rule, including a claim for attorney fees. One of the elements of a claim for attorney fees under ORS 20.080(1) is a written demand for payment of the claim upon which the plaintiff prevailed to the defendant against whom she prevailed. The fifth sentence of ORCP 22 C, which permits a plaintiff to assert a claim against a third-party defendant, does not entitle a plaintiff to prove the elements of a claim against a third-party plaintiff and, without more, recover against a third-party defendant. Rather, the plaintiff must prove that the third-party defendant is liable to the plaintiff. The part of that proof that involves attorney fees under ORS 20.080(1) is evidence of receipt of a written demand prior to commencement of the action. Plaintiff made no such demand on Hoffman.

Plaintiff complains that she could not have provided adequate notice to Hoffman because she "did not know who [TriMet] might name as a third-party defendant or when that joinder might occur so as to provide ten days advance notice of suit directly to third-party defendant." We read the phrase "commencement of the action" in ORS 20.080 in light of the Supreme Court's holding in *Bennett*. There, the court held that the procedural requirements of demand and tender in ORS 20.080(1) apply when a defendant asserts counterclaims under ORS 20.080(2), even though that subsection is silent on those matters. *Bennett*, 309 Or at 315. Plainly, a defendant cannot assert a counterclaim before the plaintiff has filed the complaint. *Bennett* thus seems to require a defendant to demand payment of a counterclaim at least 10 days before filing the counterclaim. Applying the reasoning of *Bennett* to third-party practice, the requirement that demand for payment of the claim be made "not less than 10 days before the commencement of the action" must be read to mean that demand for payment has to be made at least 10

days before the plaintiff asserts the claim against the third-party defendant. *See Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995) (the Supreme Court's interpretation of a statute "becomes part of the statute as if it were written into law at the time of its enactment"). It follows that, when a plaintiff asserts a claim directly against a third-party defendant under ORCP 22 C(1), attorney fees are available under ORS 20.080 only if the plaintiff made a written demand for payment of the claim on the third-party defendant at least 10 days before asserting the claim.

The facts of this case demonstrate how easily that interpretation of the statute can be reconciled with third-party practice. After Hoffman appealed the arbitrator's award and requested trial *de novo* on TriMet's claims against her, plaintiff argued that trial *de novo* was unnecessary because she had not asserted a claim against Hoffman. If plaintiff wished to obtain attorney fees from Hoffman, she could have sent Hoffman a demand under ORS 20.080 after she learned of her identity and existence and then, 10 days later, asserted a claim under ORCP 22 C. In other words, plaintiff *could have* given Hoffman an opportunity to settle before proceeding against her, but she failed to do so. Plaintiff was in the best position to know when and under what circumstances her claim against Hoffman would be asserted, and her argument to the contrary is unpersuasive.

Moreover, plaintiff's argument that ORS 31.610(2) required the trial court to allow attorney fees against Hoffman is also unavailing because, even if Hoffman's liability had been established pursuant to the first sentence of ORCP 22 C (that is, even if TriMet had continued to be a party at the time of trial), ORS 31.610(2) applies only to civil actions for *damages*. ORS 31.610(2) ("[T]he court shall determine the award *of damages* to each claimant in accordance with the percentages of fault determined by the trier of fact * * *." (Emphasis added.)). A claim for attorney fees is not a claim for *damages*. *See Black's Law Dictionary* 393 (7th ed 1999) (defining "damages" as "[m]oney claimed * * * *as compensation for loss or injury* * * *. Damages are the sum of money which a person wronged is entitled to receive from the wrongdoer *as compensation for the wrong*." (Internal citation and quotation marks omitted; emphasis added.)). Thus,

taken in context, the provision that permits a court to enter a judgment against any third-party defendant, "even if the plaintiff did not make a direct claim against the third party defendant," applies only to damage awards and not to attorney fee awards.

For the foregoing reasons, we reject plaintiff's contention that the rules and statutes governing third-party practice obviate the need for a plaintiff to follow the procedures of ORS 20.080(1) with respect to third-party defendants before seeking attorney fees from such defendants. A plaintiff proceeding against a third-party defendant may seek attorney fee awards under ORS 20.080(1) if, and only if, she provides the third-party defendant with a written demand 10 days before asserting her claim under ORCP 22 C.

Award of attorney fees reversed; otherwise affirmed.