Argued and submitted August 4, 2008, supplemental judgment vacated; remanded for reconsideration of attorney fees April 22, 2009

Paul L. HAYNES
and Renee J. Haynes, husband and wife;
Pamela Jill Hopkins, Guardian Ad Litem
for Michael Haynes, a Minor Child;
and Pamela Jill Hopkins, Guardian Ad Litem
for Liam Haynes, a Minor Child,
*Plaintiffs-Respondents,*

*v.*

ADAIR HOMES, INC.,
*Defendant-Appellant.*

Clackamas County Circuit Court
CCV0211573; A129305

206 P3d 1062

Rick Pope argued the cause for appellant. With him on the briefs was Kirklin Folawn LLP.

Calvin P. Vance argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Landau, Judge, and Wollheim, Judge.

LANDAU, J.

## LANDAU, J.

Plaintiffs Paul and Renee Haynes contracted with defendant Adair Homes, Inc., for the construction of a residence. After completion of the home, they discovered water damage and mold. They, along with their minor children, initiated this action for breach of contract and negligence against Adair. Paul and Renee eventually prevailed on their breach of contract claim, and Renee and the children prevailed on the negligence claim. Following the verdict, Paul, Renee, and the children moved for an award of attorney fees under the construction contract. Adair objected on two grounds: first, that plaintiffs failed to exhaust alternative dispute resolution procedures that Adair contends were a condition to any award of attorney fees; and, second, that the children are not entitled to an award of attorney fees because they are not parties to the contract. The trial court awarded plaintiffs attorney fees in a supplemental judgment. Adair now appeals, arguing that the trial court erred in awarding any attorney fees at all and, in the alternative, in awarding fees to the children. We reject without discussion Adair's contention that the court erred in awarding attorney fees at all. We conclude, however, that the trial court did err in awarding attorney fees to the children, who were not parties to the contract on which the claim of attorney fees was based. We therefore vacate the supplemental judgment awarding fees to the children and remand for reconsideration.

The relevant facts are not in dispute. Paul and Renee entered into a contract with Adair for the construction of a house on their property. Only Paul and Renee and Adair are designated as "Parties" under the contract. Paragraph 16 of that contract provides, in part:

> "In the event any legal proceeding is brought under this Contract, the prevailing Party shall be entitled to an award of (a) its reasonable attorney fees for pretrial, trial and appellate work on all matters relating to or arising out of the contract between the Parties, or the construction of the structure."

Upon completion of construction, Adair issued Paul and Renee a 10-year limited warranty.

Soon after they moved into the home, Paul and Renee discovered water damage and mold. Renee began to experience illness, as did her two minor children. Physicians attributed the illnesses to mold exposure. This action against Adair followed, with Paul and Renee, as well as their two minor children through a guardian *ad litem*, named as plaintiffs. The third amended complaint alleged claims of, among other things, negligence and breach of contract. A jury found for Paul and Renee on the breach of contract claim and in favor of Renee and the two children on the negligence claim.

Plaintiffs—Paul, Renee, and the two children—then petitioned for an award of attorney fees and costs in the amount of $437,658. As the basis for the attorney fee request, plaintiffs relied on paragraph 16 of the contract between Paul and Renee and Adair.

Adair objected to the fee request on a number of different grounds. As pertinent to this appeal, it objected that, "[b]ecause a party must have a contractual or statutory basis to recover fees, and the children were not party to the contract between Adair and Paul and Renee Haynes, they cannot recover fees." At the hearing on the fee petition, Adair further argued that the attorney fee provision of paragraph 16 "cannot apply to the children, just can't." According to Adair,

> "[a] person who is not a party to the contract cannot claim contractual remedies. So the children's claim, their negligence claim, their damages, all time spent in prosecuting those claims which you heard, Your Honor, were the significant portion of the trial, significant part of all the medical testimony, those fees are simply not recoverable in the contract."

The trial court allowed the petition for attorney fees and costs, albeit in the reduced amount of $291,353. On the issue of the children's entitlement to attorney fees, the court ruled that,

> "although the argument is well-presented on behalf of Adair, this Court doesn't accept that argument. This court considers all claims arising out of this contract or construction of this structure includes claims that arose because the

Haynes's children were [a]ffected by the defective construction in this case and the negligence that occurred."

On appeal, Adair does not dispute that the attorney fee provision in paragraph 16 of its contract with Paul and Renee is broad enough to encompass *their* claims of negligence. Adair does dispute the trial court's ruling that the provision authorizes an award of attorney fees on *the children's* claim of negligence. According to Adair, it is elementary that only the parties to a contract may claim benefits under that contract unless the nonparties are third-party donee beneficiaries or third-party creditor beneficiaries. In this case, the children are neither. As a result, Adair argues, they cannot claim attorney fees under a contract to which they were not parties.

Plaintiffs respond first by asserting that the issue was not preserved. According to plaintiffs, "[a]ll [Adair] did was complain, as a general proposition, about awarding fees on the negligence claim to the Haynes children." In plaintiffs' view, to preserve the issue, Adair was obliged to identify "specific entries in plaintiffs' fee petition allocat[ing] fees that related **solely** to the children's claims." (Boldface in original.) On the merits, plaintiffs begin by asserting that, because Adair's contention on appeal concerns, in effect, the amount of the fee award, we should review the matter for abuse of discretion. Plaintiffs then devote the balance of their attention to the assertion that the broad wording of paragraph 16 of the contract evinces an intention to cover attorney fees for negligence claims.

■ We begin with the issue of preservation. As we have noted, Adair explicitly asserted in its written and oral presentations to the court that the children are not entitled to an award of attorney fees under the contract that plaintiffs invoked as the sole basis for their attorney fee request. In ruling on the issue, the trial court noted that the issue had been "well-presented" by Adair. Under the circumstances, we are hard-pressed to understand how Adair's arguments failed to satisfy the requirements—and underlying purposes—of the rule of preservation of error. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (preservation is required to give

the trial court a chance to avoid error and to permit the opposing party to respond).

Plaintiffs' contention that it was Adair's burden to segregate the portions of the attorney fees devoted to the children's claims is simply incorrect. The burden rests with the party seeking attorney fees to prove entitlement to those fees. *Huntley v. TriMet*, 210 Or App 269, 277, 149 P3d 1268 (2006) (party claiming attorney fees bears burden of proving entitlement to them). Moreover, it has long been the rule that the trial court is obligated to segregate, if possible, attorney fees incurred on recoverable and nonrecoverable claims. *Bennett v. Baugh*, 164 Or App 243, 247, 990 P2d 917 (1999), *rev den*, 330 Or 252 (2000) ("When a party prevails in an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion attorney fees, except when there are issues common to both claims."); *Malot v. Hadley*, 102 Or App 336, 341, 794 P2d 833 (1990) ("The trial court committed legal error. It was required to segregate, if possible, attorney fees incurred" in defending claims subject to an attorney fee provision from those incurred in defending claims not subject to the provision.). We reject plaintiffs' preservation argument without further discussion.

We turn to the question of the standard of review and plaintiffs' assertion that we review the trial court's decision for abuse of discretion. In brief, plaintiffs are mistaken. Adair's contention on appeal is that the children are not *entitled* to *any* award of attorney fees because they are not parties to the contract between their parents and Adair. When a party's entitlement to attorney fees depends on the construction of an attorney fee provision, we review the matter in accordance with the principles of contract interpretation set out in *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997); that is, we determine whether the contract is ambiguous as a matter of law and, in the absence of an ambiguity, interpret and apply the contract as a matter of law.

That leaves the question, on the merits, whether someone not a party to a contract may claim attorney fees under the attorney fee provision of that contract. As a rule, a party is entitled to recover attorney fees only if a statute or

contract confers that right. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). The contract at issue in this case was between Paul and Renee, on the one hand, and Adair, on the other. There is no contention that either of their minor children actually were parties to the contract. As we have noted, paragraph 16 of that contract provides that the "Party" who prevails on a claim brought under the contract is entitled to attorney fees. It would seem necessarily to follow that the children are not entitled to an award of attorney fees under paragraph 16 of the contract between their parents and Adair.

Plaintiffs' principal argument to the contrary is simply that the contract is sufficiently broadly worded to apply to negligence claims against Adair. The problem is that the argument is beside the point. Adair does not dispute that the agreement may be read to cover attorney fees for negligence claims. What is in dispute is whether the contract permits someone who is *not a party* to it to recover attorney fees for negligence claims.

■ Alternatively, plaintiffs argue that the children were donee beneficiaries of the contract and thus entitled to enforce its terms, including the attorney fee provision. Under Oregon law, however, a person is a donee beneficiary only if

> " 'the purpose of the promisee in obtaining the promise * * * is to make a gift to the beneficiary or to confer upon him some right against the promisor.' Moreover, the promisee's purpose to make such a gift must appear 'from the terms of the promise in view of the accompanying circumstances.' "

*Lord v. Parisi*, 172 Or App 271, 277, 19 P3d 358, *rev den*, 332 Or 250 (2001) (quoting *Johnston v. The Oregon Bank*, 285 Or 423, 429-30, 591 P2d 746 (1979)). In this case, plaintiffs point to nothing in the terms of the agreement with Adair that evinces an intention to confer on any third party—much less their children—a gift of some right against Adair.

Plaintiffs also argue that the negligence claims of the children and the balance of the claims are "inextricably linked" and thus impossible to segregate. Whether that is so, however, is not properly before us. The trial court did not

make its decision on that basis, and we will not make such a factual finding for the first time on appeal.

We conclude that the trial court erred in awarding the children their attorney fees under the contract. We therefore vacate the award and remand to the trial court for reconsideration of attorney fees.

Supplemental judgment vacated; remanded for reconsideration of attorney fees.