On respondent's petition for attorneys fees and costs filed September 30, appellant's response to respondent's petition for attorney fees and costs filed October 14, respondent's reply on motion for attorneys fees and costs filed October 24, appellant's statement of costs and disbursements filed September 30, respondent's opposition to appellant's statement of costs and disbursements filed October 14, appellant's response to respondent's objection to costs filed October 27, and respondent's supplemental petition for attorney fees filed October 24, 2008, designation of prevailing party (222 Or App 230, 193 P3d 96) modified to designate plaintiff as the prevailing party on appeal, defendant's statement of costs and disbursements denied, plaintiff's petition and supplemental petition for attorney fees allowed for $18,907.79 April 1, 2009

Ken HAMLIN,
*Plaintiff-Respondent,*

*v.*

HAMPTON LUMBER MILLS, INC.,
an Oregon corporation,
dba Willamina Lumber Company,
*Defendant-Appellant.*

Multnomah County Circuit Court
040302235; A130213

205 P3d 70

Craig A. Crispin and Crispin Employment Lawyers for petition.

Edwin A. Harnden, Brenda K. Baumgart, and Barran Liebman LLP for response.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

In *Hamlin v. Hampton Lumber Mills, Inc.*, 222 Or App 230, 193 P3d 96 (2008), we designated defendant as the prevailing party on appeal and allowed it costs and disbursements. Notwithstanding that designation, plaintiff petitioned for attorney fees and costs, which defendant has opposed. Defendant also submitted a statement of costs and disbursements. For the reasons set forth below, we conclude that we erred in designating defendant as the prevailing party. Accordingly, we designate plaintiff as the prevailing party, award him attorney fees and costs, and deny defendant's statement of costs and disbursements.

Plaintiff initiated employment discrimination claims, ORS 659A.040 - 659A.043, against defendant, seeking compensatory and punitive damages. A jury awarded plaintiff $6,000 in economic damages, no noneconomic damages, and $175,000 in punitive damages. Defendant appealed and challenged only the punitive damage award, arguing that (1) plaintiff did not present evidence sufficient to support the award, and (2) even if a punitive damage award was appropriate, the amount awarded by the jury was excessive. We determined that the evidence was sufficient to support an award of punitive damages. *Hamlin*, 222 Or App at 237-38. However, we also concluded that the award exceeded due process limits and required that it be reduced to approximately $24,000. *Id.* at 247-50. We designated defendant as the prevailing party on appeal. *See* ORAP 13.05(3). Accordingly, defendant submitted a statement of costs and disbursements. Plaintiff, meanwhile, petitioned for attorney fees and costs, arguing that he was entitled to fees and costs pursuant to ORS 659A.885(1).

■■  ORS 659A.885(1) provides that, in employment discrimination actions such as the one plaintiff successfully brought here, "the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." Although that language is permissive, Oregon courts have construed it as mandatory and highly favorable to plaintiffs, holding that prevailing *plaintiffs* are entitled to recover their attorney fees. *Chase v. Vernam*, 199 Or App 129, 138-39, 110 P3d 128 (2005); *see also Turnbow v. K.E. Enterprises, Inc.*,

155 Or App 59, 68, 962 P2d 764 (1998) (holding same under former equivalent statute); *Dobie v. Liberty Homes*, 53 Or App 366, 373-74, 632 P2d 449 (1981) (same). Along those same lines, prevailing *defendants* generally cannot recover attorney fees unless they can show that the plaintiff brought a claim in bad faith or asserted a frivolous, unfounded, or objectively unreasonable claim. *Chase*, 199 Or App at 139; *Turnbow*, 155 Or App at 68. In so holding, the courts have identified the statute's underlying legislative policy: promoting vigorous enforcement of employment discrimination statutes and encouraging employees with reasonable claims to assert them. *See, e.g.*, *Turnbow*, 155 Or App at 68 (summarizing rationale as described in *Dobie*, 53 Or App at 373-74).

ORS 20.077 governs our determination of the prevailing party "[i]n any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required." Subsection (2) states:

"For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment * * * on the claim."

Further, subsection (3) provides:

"Notwithstanding subsection (2) of this section, upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment."

Hence, in a case such as this, where attorney fees are authorized by statute, the default prevailing party is the one who receives a favorable judgment on the claim; however, at our discretion, we may designate as prevailing the "party who obtains a substantial modification of the judgment." As applied here, for plaintiff to recover his fees and costs, we would need to determine that he received "a favorable judgment * * * on the claim"; in light of ORS 659A.885(1), he would then be entitled to fees and costs on appeal. However, defendant asserts that this case presents appropriate circumstances for us to exercise our discretion and designate it as the prevailing party for obtaining "a substantial modification

of the judgment," as we did. The upshot of that scenario is that, given the limits in ORS 659A.885(1) on a prevailing defendant's ability to recover fees, neither party would recover its costs or fees on appeal.

■ As a preliminary matter, for purposes of determining the prevailing party, it is proper for us to narrow the scope of the "claim" on appeal to the parties' positions on appeal. *Cf. McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 86, 46 P3d 721 (2002) (holding that it is appropriate for this court to review the plaintiff's position *on appeal*—not the factual merits of the underlying claim for discrimination—for purposes of determining whether the prevailing defendant should be awarded fees). Here, defendant sought on appeal (1) complete relief from the punitive damage award and, alternatively, (2) a reduction in the punitive damage award to only one or two times the economic damage award.

Thus remains the question of properly identifying the "prevailing party" on appeal in a situation in which a defendant loses on its primary argument to eliminate punitive damages, but succeeds, in part, on its alternate argument to reduce those damages. The parties here appear to agree that plaintiff is the prevailing party under ORS 20.077(2) as the party who received a favorable judgment on the claim. We agree: plaintiff succeeded in the underlying employment discrimination claim and succeeded in defending his award of some punitive damages, even though we ultimately reduced the award. Hence, the question reduces to two issues: (1) whether the reduction in the punitive damage award constitutes a "substantial modification" of the judgment and, (2) if so, whether it is proper for us to exercise our discretion under ORS 20.077(3) to designate defendant as the prevailing party. We need not address the first issue because, assuming that our decision on the merits of defendant's appeal could constitute a "substantial" modification of the judgment, for two interrelated reasons, we decline to exercise our discretion to designate defendant as the prevailing party.

First, defendant did not obtain either of the two alternative modifications to the judgment that it sought on appeal. Defendant's position was that (1) there should be no punitive damage award or (2) the punitive damage award

should be, at most, two times the economic damage award (or roughly $12,000). We disagreed with defendant on both points. Plaintiff, on the other hand, successfully defended his entitlement to a punitive damage award, and we concluded that he is entitled to an award in the highest amount that due process allows. In our view, those circumstances do not warrant an exercise of our discretion to designate defendant as the prevailing party on appeal.

Second, the underlying policy of ORS 659A.885(1) also counsels against departing from the default position by designating defendant, rather than plaintiff, as the prevailing party. The policy interest in encouraging plaintiffs to bring legitimate employment discrimination claims does not end when a defendant challenges an aspect of the plaintiff's success on appeal. Rather, it logically follows from that policy that a plaintiff should be encouraged to defend such claims on appeal by receiving attorney fees for those efforts when the plaintiff maintains a favorable judgment and the defendant does not succeed in obtaining its requested modifications to the judgment.

Hence, for those reasons, we designate plaintiff as the prevailing party on the appeal in this case. Accordingly, we deny defendant's request for costs, and grant plaintiff's request for attorney fees and costs.

Our only remaining task is to determine whether plaintiff's requested fees and costs are reasonable. *See* ORS 20.075(2) (providing factors for determining reasonableness of requested attorney fees); ORS 20.310(2) (listing permitted costs and disbursements on appeal). Plaintiff petitions for a total of $18,687.50 in attorney fees—$17,994.00 in his initial petition and $693.50 in his supplemental petition—and $365.29 in costs "recoverable as part of [the] attorney[ ] fees," that is, those costs billed directly to the client but that are not part of the general overhead of the law practice; plaintiff did not submit a statement of costs and disbursements. Defendant does not dispute the reasonableness of plaintiff's requested attorney fees. Upon review of the petition under the relevant factors in ORS 20.075(2), we conclude that plaintiff's request for $18,687.50 in attorney fees is reasonable.

As for the costs, when an attorney's accounting and billing system attributes special overhead expenses, such as

photocopying charges and postage to individual clients, and an attorney recovers those expenses by directly billing the client and not by folding those charges into the hourly rate, it is appropriate for us to include those charges in setting a reasonable attorney fee. *See Robinowitz v. Pozzi,* 127 Or App 464, 470, 872 P2d 993, *rev den,* 320 Or 109 (1994). We see no reason to depart from that rule as a general matter.

■     However, plaintiff's statement of costs recoverable as attorney fees includes the filing fee on appeal. That fee is not a proper component of attorney fees; rather, it is one aspect of costs and disbursements recoverable by the prevailing party. With our designation of plaintiff as the prevailing party on appeal, he will automatically recover that filing fee, ORS 20.310(2), and will also be awarded the prevailing party fee, ORS 20.190(1)(a). We therefore exclude the filing fee from the costs awarded plaintiff as part of his attorney fees on appeal. Thus, we allow plaintiff attorney fees, including costs attributable as attorney fees, of $18,907.79.

Designation of prevailing party modified to designate plaintiff as the prevailing party on appeal; defendant's statement of costs and disbursements denied; plaintiff's petition and supplemental petition for attorney fees allowed for $18,907.79.