On appellant's petition for reconsideration filed May 5, and response to appellant's petition for reconsideration filed May 8, reconsideration allowed; former opinion (228 Or App 186, 206 P3d 1184) adhered to July 1, 2009

Kristine HENNESSY,
dba T E Hennessy Properties,
*Plaintiff-Respondent,*

*v.*

MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Defendant-Appellant.*

Benton County Circuit Court
0510037; A133592

211 P3d 325

Todd S. Baran for petition.

Pamela S. Hediger, Laurie J. Hart, and Evashevski, Elliott, Cihak & Hediger, P.C., for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Defendant seeks reconsideration of our decision in *Hennessy v. Mutual of Enumclaw Ins. Co.*, 228 Or App 186, 206 P3d 1184 (2009), arguing that plaintiff should not have been designated as the prevailing party on appeal. Defendant asserts that, because we reduced the amount of plaintiff's recovery by 97.5 percent, defendant should have been designated the prevailing party on appeal. For the reasons that follow, we grant reconsideration and adhere to our former opinion.

Plaintiff, an insured, initiated a breach of contract claim against defendant, her insurer, after defendant denied her claims for damage caused to her building after a portion of a stucco product visibly separated from the underlying concrete walls. Plaintiff contended that that separation was a "collapse" under the terms of her insurance policy and that she was entitled to the costs of repairing the portion of the wall damaged by that collapse, as well as the costs of replacing the entire wall. The trial court agreed and awarded plaintiff approximately $99,000 in damages. Defendant appealed, arguing that (1) the stucco's visible separation was not a "collapse" within the meaning of the policy; (2) even if it was a "collapse," it did not cause damage to the portions of the wall that were removed later; and (3) plaintiff's claims were barred by the policy's limitations clause. Although we rejected defendant's first and third arguments, we agreed with defendant's second argument and reduced the damages awarded by the trial court for the costs of those repairs. We ultimately remanded the case to the trial court for entry of judgment in favor of plaintiff in the amount of $2,469.68, a 97.5 percent reduction in plaintiff's damages.

Defendant argues that the reduction in plaintiff's damages recovery was a "substantial modification" of the trial court's judgment and that, as a result, defendant was the prevailing party on appeal. Defendant contends that, in light of the extent of the reduction, we should exercise our discretion under ORS 20.077(3) to designate defendant as the prevailing party on appeal. Defendant makes no other arguments regarding why we should exercise our discretion under ORS 20.077(3).

Plaintiff does not contest defendant's contention that the reduction in damages constituted a "substantial modification" under ORS 20.077(3). Rather, relying on *Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or App 165, 205 P3d 70 (2009), she argues that, despite the reduction in the judgment, she prevailed on the primary issues on appeal: whether her building suffered from a "collapse" and whether her claim was barred by the policy's limitations clause. Moreover, plaintiff contends that the policy underlying ORS 742.061, the attorney fee statute applicable to this case, counsels against designating defendant as the prevailing party on appeal.

ORS 20.077(3) provides:

"Notwithstanding subsection (2) of this section [establishing the default rule that the prevailing party is the 'party who receives a favorable judgment * * * on the claim'], upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment."

Assuming, without deciding, that our reduction in plaintiff's recovery constituted a "substantial modification" of the judgment, we would decline to exercise our discretion because here, as in *Hamlin*, the policy underlying the attorney fee statute at issue strongly counsels against designating defendant as the prevailing party on appeal. *See Hamlin*, 227 Or App at 170 (considering the policy behind the attorney fee statute at issue). In *Hamlin*, we explained that the policy underlying the statute at issue in that case, ORS 659A.885(1), was to provide attorney fees to plaintiffs, rather than defendants, in order to encourage plaintiffs to bring legitimate employment discrimination claims. We reasoned that it would be inconsistent with that policy not to designate the plaintiff as the prevailing party when the plaintiff had maintained a favorable judgment on appeal. *Id.* We explained:

"The policy interest in encouraging plaintiffs to bring legitimate employment discrimination claims does not end

when a defendant challenges an aspect of the plaintiff's success on appeal. Rather, it logically follows from that policy that a plaintiff should be encouraged to defend such claims on appeal by receiving attorney fees for those efforts when the plaintiff maintains a favorable judgment and the defendant does not succeed in obtaining its requested modifications to the judgment."

*Id.*

Here, as defendant acknowledges, plaintiff alleged that she was entitled to recover attorney fees under ORS 742.061, which provides, in part:

"[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

The policy behind ORS 742.061 is to encourage the settlement of insurance claims without litigation and to reimburse successful plaintiffs for reasonable attorney fees. *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 452, 502 P2d 1378 (1972). Thus, if an insurer denies an insurance claim, and a plaintiff succeeds in recovering on that claim in a lawsuit, the plaintiff is entitled to reasonable attorney fees, even if the insurer's denial was in good faith. *Heis v. Allstate Insurance Co.*, 248 Or 636, 643-44, 436 P2d 550 (1968). Here, defendant denied plaintiff's claims, and plaintiff successfully defended her right to recover a portion of those claims on appeal. Indeed, plaintiff established that she was entitled to coverage; the portion of the judgment that we reversed concerned an alternative argument to which defendant devoted comparatively little attention, though the consequences were substantial. Under these circumstances, it logically follows from the policy underlying ORS 742.061 that a plaintiff should be encouraged to defend such claims on appeal by receiving attorney fees for those efforts when the plaintiff maintains a favorable

judgment and the defendant does not succeed in obtaining its requested modifications to the judgment.

Reconsideration allowed; former opinion adhered to.