On respondent's petition for reconsideration filed June 24, reconsideration allowed; former opinion (229 Or App 15, 209 P3d 831) adhered to; designation of prevailing party modified to designate plaintiff as the prevailing party on appeal
August 5, 2009

Dorothy ENGLISH,
Deceased,
by and through Douglas James Sellers,
Personal Representative of the
Estate of Dorothy English,
*Plaintiff-Respondent,*

*v.*

MULTNOMAH COUNTY,
*Defendant-Appellant.*

Multnomah County Circuit Court
060505243; A135637

213 P3d 1265

D. Joe Willis, Michael T. Garone, Andrew Lee, and Schwabe, Williamson & Wyatt, P.C., for petition.

Before Haselton, Presiding Judge, and Edmonds, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff (English) seeks reconsideration of our decision in *English v. Multnomah County*, 229 Or App 15, 209 P3d 831 (2009), contending that defendant Multnomah County (the county) should not have been designated as the prevailing party on appeal. For the reasons that follow, we grant reconsideration and adhere to our former opinion and disposition but conclude that we erred in designating the county as the prevailing party. Accordingly, we designate English as the prevailing party on appeal.

English, a landowner who obtained a judgment for $1,150,000 in just compensation pursuant to Measure 37 after the county failed to waive land use regulations that adversely affected the value of her property, sought attorney fees pursuant to ORS 197.352(6) (2005).[1] The trial court awarded English a customary contingent fee of approximately $383,000, which represented one-third of the amount of just compensation awarded in the compensation judgment. The county appealed and contended that (1) the appeal had become moot after the passage of Measure 49; (2) English was not entitled to attorney fees under ORS 197.352(6), because she had not collected the monetary award adjudicated in the compensation judgment; (3) the trial court erred in awarding a contingent fee or abused its discretion by awarding fees that were unreasonable; and (4) English was not entitled to recover expert witness fees in this case and, even if she were, those fees were unnecessary to the prosecution of her Measure 37 claim. *English*, 229 Or App at 23-24.

Although we rejected the county's contentions that the appeal was moot and that English was not entitled to

---

[1] As context for our discussion, Ballot Measure 37 (2004), which was enacted through the initiative process and codified as *former* ORS 197.352 (2005), *amended by* Oregon Laws 2007, chapter 424, section 4, *renumbered as* ORS 195.305 (2007), provided, in a nutshell, that public entities that enacted or enforced land use regulations that adversely affected the fair market value of a claimant's property either had to pay just compensation or waive the offending regulations. In 2007, the voters passed Ballot Measure 49, Oregon Laws 2007, chapter 424, which "extinguish[ed] and replace[d] the benefits and procedures that Measure 37 granted to landowners." *Corey v. DLCD*, 344 Or 457, 465, 184 P3d 1109 (2008). Throughout this opinion, all references to ORS 197.352 are to the 2005 version of that statute.

attorney and expert witness fees, we agreed with the county that the trial court had erred in determining that English should recover attorney fees in an amount commensurate with a one-third contingency. For that reason, we reversed and remanded the attorney fee award to the trial court for reconsideration and redetermination of the attorney fees that English had actually reasonably incurred, but otherwise affirmed the supplemental judgment on appeal.

English petitions for reconsideration, citing our decisions in *Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or App 165, 205 P3d 70 (2009) (*Hamlin II*), and *Hennessy v. Mutual of Enumclaw Ins. Co.*, 229 Or App 405, 211 P3d 325 (2009) (*Hennessy II*), in support of her sole contention that we reconsider our designation of the county as the prevailing party on appeal. Specifically, English contends that she is,

> "by default, the prevailing party because the compensation judgment is in her favor. Although this court has discretion to make Multnomah County * * * the prevailing party if it obtained a substantial modification of the trial court's judgment, ORS 20.077(3), English requests that this Court reconsider the exercise of that discretion for two interrelated reasons: (1) forcing English to bear her own attorney fees for successfully defending on appeal her entitlement to fees, expenses and costs is contrary to the policy purposes that underlie a one-way statutory fee provision, such as that in Measure 37; and (2) the County failed to obtain the relief it sought in this appeal."

Although the county did *not* oppose or otherwise respond to English's petition for reconsideration, in its objections to English's petition for attorney fees and costs and disbursements, the county asserts that

> "[t]his court should reject English's efforts to be declared the prevailing party in order to exact excessive attorney fees.
>
> "This court correctly designated Multnomah County as the prevailing party under ORS 20.077(3). The county was successful in obtaining a substantial modification of the underlying judgment. Accordingly, this court properly exercised its discretion and designated the county as the prevailing party."

Generally, "the prevailing party is the party who receives a favorable judgment * * * on the claim." ORS 20.077(2). However, we may in our discretion "designate as the prevailing party a party who obtains a substantial modification of the judgment." ORS 20.077(3).

In *Hamlin II* and *Hennessy II*, we recently addressed the circumstances under which we would decline to exercise our discretion under ORS 20.077(3). Our analysis in those cases, although not conclusive, is instructive here.

In *Hamlin v. Hampton Lumber Mills, Inc.*, 222 Or App 230, 193 P3d 46 (2008), *rev allowed*, 346 Or 157 (2009) (*Hamlin I*), the plaintiff initiated employment discrimination claims against the defendant under ORS chapter 659A and obtained economic and punitive damage awards. The defendant appealed, contending that the plaintiff was not entitled to an award of punitive damages or, in the alternative, the punitive damage award should be at most two times the amount of the economic damage award. We disagreed with the defendant as to those specific contentions and concluded that the plaintiff was entitled to an award of punitive damages in the highest amount that due process would allow, which was less than the amount awarded in the trial court. Because of that reduction in the amount of punitive damages, we initially designated the defendant as the prevailing party.

Thereafter, in *Hamlin II*, we considered the parties' petitions concerning attorney fees and costs and disbursements. In doing so, we revisited our initial exercise of discretion under ORS 20.077(3), by which we had designated the defendant as the prevailing party and ultimately concluded that the plaintiff should properly be the prevailing party. We explained that the defendant had not obtained "either of the two alternative modifications to the judgment that it sought on appeal" and that "the underlying policy of ORS 659A.885(1)[—that is, to encourage plaintiffs to bring legitimate employment discrimination claims—]also counsels against departing from the default position by designating [the] defendant, rather than [the] plaintiff, as the prevailing party." *Hamlin II*, 227 Or App at 169, 170. Ultimately, we modified our prevailing party designation to designate the plaintiff as the prevailing party on appeal.

In *Hennessy v. Mutual of Enumclaw Ins. Co.*, 228 Or App 186, 206 P3d 1184 (2009) (*Hennessy I*), which involved a claim for breach of an insurance contract, the defendant insurer had appealed a judgment for the plaintiff insured in the amount of approximately $99,000, raising three arguments as to the existence and extent of coverage. We rejected two of those arguments but agreed with the other and, consequently, remanded the case to the trial court for entry of judgment for the plaintiff in the amount of $2,469.68. That reduction notwithstanding, we designated the plaintiff as the prevailing party on appeal.

In *Hennessy II*, the defendant insurer subsequently petitioned for reconsideration of our prevailing party designation, asserting that, "because we reduced the amount of [the] plaintiff's recovery by 97.5 percent, [the] defendant should have been designated the prevailing party on appeal." 229 Or App at 407. Relying on *Hamlin II*, the plaintiff argued that, despite the reduction in the amount of damages awarded to her in the judgment, she had prevailed on the primary issues on appeal and that the policy underlying ORS 742.061, the statute that created the entitlement to fees, counseled against designating the defendant as the prevailing party on appeal.

We agreed with the plaintiff and adhered to the original designation. Noting that "[t]he policy behind ORS 742.061 is to encourage the settlement of insurance claims without litigation and to reimburse successful plaintiffs for reasonable attorney fees," *Hennessy II*, 229 Or App at 409, we reasoned that,

> "[a]ssuming, without deciding, that our reduction in [the] plaintiff's recovery constituted a 'substantial modification' of the judgment, we would decline to exercise our discretion because here, as in *Hamlin [II]*, the policy underlying the attorney fee statute at issue strongly counsels against designating [the] defendant as the prevailing party on appeal."

*Hennessy II*, 229 Or App at 408.

The circumstances in this case are closely analogous to those in *Hamlin II* and *Hennessy II*. Accordingly, even assuming that our reversal and remand of the attorney fee

award in the supplemental judgment on appeal was a substantial modification of that judgment, we now revisit our initial prevailing party designation and decline to exercise our discretion under ORS 20.077(3) to designate the county as the prevailing party.

We decline to do so because, as in *Hamlin II* and *Hennessy II*, the particular policy interest that underlies Measure 37's attorney fee provision in ORS 197.352(6) counsels against the exercise of that discretion. That statute provided property owners with an entitlement to "reasonable attorney fees, expenses, costs, and other disbursements reasonably incurred to collect the [just] compensation." Conversely, ORS 197.352(6), like ORS 659A.885(1) in *Hamlin II* and ORS 742.061 in *Hennessy II*, did not confer a general reciprocal fee entitlement on defendants who were successful, in part, in resisting recovery. Given that design, ORS 197.352(6) promoted a public policy and ensured that property owners who were at least partially successful in overcoming governmental resistance to their collection efforts would be entitled to recover (and, thus, would not themselves bear) fees commensurate with their success.

Here, English defeated the county's fundamental argument that there was no fee entitlement under Measure 37 in these circumstances. Further, although the county did secure a remand for redetermination of the amount of fees, it is patent that the fee award on remand will still be very substantial. Accordingly, we grant English's petition for reconsideration and designate English as the prevailing party on appeal.[2]

Reconsideration allowed; former opinion adhered to; designation of prevailing party modified to designate plaintiff as the prevailing party on appeal.

---

[2] In so holding, we emphasize that our exercise of discretion under ORS 20.077(3) is case specific and, where the prevailing party designation may bear on fee entitlement, may vary according to the legislative intent underlying the statute that creates the entitlement to attorney fees.