On appellant's petition for attorney fees filed April 29, respondents' objections to appellant's petition for attorney fees filed May 8, and appellant's reply to respondents' objection to attorney fees filed May 13; on respondents' petition for attorney fees filed May 7, appellant's response to respondents' petition for attorney fees filed May 13, and respondents' reply to appellant's objections to attorney fees filed May 19; designation of prevailing party (227 Or App 536, 206 P3d 1062) revised to designate respondents Paul and Renee Haynes as prevailing party on appeal; appellant's petition for attorney fees denied; respondents' petition for attorney fees allowed in the amount of $64,015.43
September 30, 2009

Paul L. HAYNES
and Renee J. Haynes,
husband and wife;
Pamela Jill Hopkins,
Guardian Ad Litem for Michael Haynes,
a Minor Child;
and Pamela Jill Hopkins,
Guardian Ad Litem for Liam Haynes,
a Minor Child,
*Plaintiffs-Respondents,*

*v.*

ADAIR HOMES, INC.,
*Defendant-Appellant.*

Clackamas County Circuit Court
CCV0211573; A129305

217 P3d 1113

Rick Pope and Kirklin Folawn LLP for appellant's petition.

Calvin P. Vance for response.

Calvin P. Vance for respondents' petition.

Rick Pope and Kirklin Thompson & Pope LLP for response.

Before Edmonds, Presiding Judge, and Landau, Judge, and Wollheim, Judge.

LANDAU, J.

**LANDAU, J.**

Defendant appealed a supplemental judgment that awarded plaintiffs attorney fees, arguing that (1) the court should not have awarded attorney fees at all because plaintiffs failed to seek alternative dispute resolution as required in their contract with defendant; and (2) at the least, the court should not have awarded attorney fees to all of the plaintiffs, because some of them—the children—were not parties to the contract that formed the basis for the attorney fee request in the first place. We rejected without discussion defendant's first contention, but we agreed with defendant on the second and vacated the supplemental judgment and remanded for reconsideration. *Haynes v. Adair Homes, Inc.*, 227 Or App 536, 538, 206 P3d 1062 (2009).

Defendant now seeks attorney fees in the amount of $40,466 for having prevailed on the appeal. Plaintiffs—and here we refer to the parents only—object to the petition for attorney fees, arguing that, under *Hamlin v. Hampton Lumber Mills, Inc.*, 222 Or App 230, 193 P3d 46 (2008), *rev allowed*, 346 Or 157 (2009), we erred in designating defendant as the prevailing party, entitled to claim attorney fees. On that basis, plaintiffs also petition for their own award of attorney fees in the amount of $64,015.43. In the alternative, plaintiffs object to the amount of defendant's fee request, arguing that we should reduce the award to account for time spent on what plaintiffs contend was defendant's frivolous contention that plaintiffs were not entitled to attorney fees at all. Neither party requests findings.

We conclude that we did err in designating defendant as the prevailing party on appeal and that, as a result, plaintiffs are entitled to an award of attorney fees. Given that defendant does not object to the reasonableness of the amount of plaintiffs' attorney fee request, we award the full amount that they request.

We begin with plaintiffs' contention that we erred in designating defendant as the prevailing party on appeal. ORS 20.077 provides, in relevant part:

"(1)  In any action or suit in which one or more claims are asserted for which an award of attorney fees is either

authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

"(b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"(c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

"(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042.

"(3) Notwithstanding subsection (2) of this section, upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment.

"(4) This section does not create a claim to an award of attorney fees in any action or suit in which the court or arbitrator is not otherwise authorized or required to make an award of attorney fees by contract or other law."

Two aspects of that statute bear emphasis for our purposes. First, under ORS 20.077(2), the prevailing party on appeal is generally "the party who receives a favorable judgment" on the claim. Second, notwithstanding that the prevailing party is the one who receives the favorable judgment, under ORS 20.077(3), we retain discretion to "designate as the prevailing party a party who obtains a substantial modification of the judgment." In other words, we retain discretion to designate

someone other than the one who receives the favorable judgment if the other person obtains a "substantial modification" of that judgment.

In this case, there is no dispute that plaintiffs are the parties who received a favorable judgment on both their breach of contract and negligence claims, as well as their claim for attorney fees under their contract with defendant. Further, there is no dispute that plaintiffs are the parties who, even after the appeal, remain entitled on remand to a favorable judgment as to their claim of attorney fees. Defendant, as a result of its appeal, obtained a temporary vacation of the judgment awarding attorney fees and a remand for a determination of the amount that should be deducted from the judgment for representation of the children, who were not parties to the contract that was the basis for the attorney fee award.

■    Thus, the question before us is whether defendant, having obtained a temporary vacation of the judgment awarding plaintiffs their attorney fees, has established that it has obtained a "substantial modification of the judgment" sufficient to justify our exercise of discretion to depart from the general rule and designate defendant the prevailing party on appeal.

Defendant contends that, having obtained the vacation of the entire attorney fee award, it has substantially—indeed, completely—modified the judgment and thus established the requisite basis for our exercise of discretion to designate it the prevailing party. Plaintiffs respond that, although defendant did obtain the vacation of the judgment awarding attorney fees, the fact remains that it did not win everything that it sought on appeal. Under our decision in *Hamlin*, they contend, that means that defendant cannot claim that it substantially modified the judgment. In the alternative, plaintiffs note that, at best, what defendant accomplished in this appeal is a delay of entry of judgment in their favor on their claim for attorney fees. That, plaintiffs contend, is not sufficient to warrant designating it the prevailing party.

In *Hamlin*, the plaintiff initiated an action for employment discrimination against the defendant under

ORS chapter 659A. *Hamlin*, 222 Or App at 232. The plaintiff obtained both economic and punitive damages. The defendant appealed, arguing that the plaintiff was not entitled to punitive damages at all, and, in the alternative, that the award should have been reduced to an amount equal to twice the economic damages. We concluded that the plaintiff was entitled to punitive damages, but that the amount of the punitives should be reduced to an amount equal to four times the economic damages. *Id.* at 250. We initially determined that, because of the reduction in punitive damages, the defendant was the prevailing party entitled to an award of attorney fees. On reconsideration, however, we determined that we had erred in designating the defendant the prevailing party. *Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or App 165, 205 P3d 70 (2009). In reaching that conclusion, we noted that the "defendant did not obtain either of the two alternative modifications to the judgment that it sought on appeal." *Id.* at 169. That was important, we said, because "the underlying policy" of the statute authorizing an award of attorney fees counsels against designating a defendant the prevailing party in the absence of such complete success on appeal:

> "The policy interest in encouraging plaintiffs to bring legitimate employment discrimination claims does not end when a defendant challenges an aspect of the plaintiff's success on appeal. Rather, it logically follows from that policy that a plaintiff should be encouraged to defend such claims on appeal by receiving attorney fees for those efforts when the plaintiff maintains a favorable judgment and the defendant does not succeed in obtaining its requested modification of the judgment."

*Id.* at 170. Nowhere in *Hamlin* did we announce or apply a rule that, in order to be entitled to attorney fees on appeal, a party must have obtained complete and unqualified victory. What we held in *Hamlin* was that a determination whether to exercise our discretion to designate as a prevailing party someone other than the one in whose name final judgment will be entered depends on two considerations: (1) the degree of success and (2) the underlying policies reflected in the statute that provides the source of authority for an award of attorney fees in the first place.

Confirming that reading of *Hamlin* is our more recent decision in *Hennessy v. Mutual of Enumclaw Ins. Co.*, 228 Or App 186, 206 P3d 1184 (2009). In that case, the defendant insurer appealed a judgment for the plaintiff insured and obtained a reduction in the judgment of approximately 97 percent. We designated the plaintiff insured as the prevailing party. On reconsideration, we adhered to that designation. *Hennessy v. Mutual of Enumclaw Ins. Co.*, 229 Or App 405, 211 P3d 325 (2009). We noted that attorney fees were authorized under a particular statute, ORS 742.061, enacted "to encourage the settlement of insurance claims without litigation and to reimburse successful plaintiffs for attorney fees." *Id.* at 409. In light of that statute, we explained, awarding attorney fees to the defendant insurer was not appropriate, even taking into consideration the reduction in coverage:

> "Assuming, without deciding, that our reduction in plaintiff's recovery constituted a 'substantial modification' of the judgment, we would decline to exercise our discretion [to designate the defendant insurer the prevailing party] because here, as in *Hamlin*, the policy underlying the attorney fee statute at issue strongly counsels against designating defendant as the prevailing party on appeal."

*Hennessy*, 229 Or App at 408.

To the same effect is an even more recent decision from this court, *English v. Multnomah County*, 230 Or App 125, 213 P3d 1265 (2009). In that case, a landowner obtained a judgment in excess of $1 million from the county under Ballot Measure 37 as compensation for the impact of the county's regulation of the use of that property. *English v. Multnomah County*, 229 Or App 15, 209 P3d 831 (2009). Included in the judgment was an award of attorney fees in an amount consistent with a one-third contingent fee. The county appealed, arguing that, among other things, the trial court erred in awarding such a large amount for attorney fees. We agreed and remanded the attorney fee award for reconsideration. *Id.* at 34. We initially designated the county the prevailing party. On reconsideration, however, we concluded that we had erred in designating the county as the prevailing party. *English*, 230 Or App at 131. We noted that, "although the county did secure a remand for redetermination of the

amount of fees, it is patent that the fee award on remand will still be very substantial," thus raising a question whether the county actually had obtained a substantial modification of the judgment. *Id.* However, we concluded that, even assuming for the sake of argument that the remand constituted a substantial modification of the judgment, the "particular policy interest" that underlies the statute that formed the basis for the award—Measure 37's policy that landowners who even partially succeed in prevailing against government entities should recover attorney fees—counseled against exercising our discretion to designate the county the prevailing party. *Id.*

In this case, the basis for all parties' requests for attorney fees is a reciprocal attorney fee clause in a construction contract. There is no public policy reflected in that contract that suggests that we should favor one party or another in our evaluation of whether to exercise our discretion to designate defendant the prevailing party. Contrary to plaintiffs' contentions, nothing in *Hamlin* or any of its progeny suggests that, in the absence of such a source of public policy, the fact that defendant obtained less than everything that it requested means that it did not obtain a substantial modification of the judgment.

That said, it does not necessarily follow that defendant, having obtained a remand for reconsideration of attorney fees, has obtained a substantial modification of the judgment. We turn to that remaining question.

The Oregon Supreme Court addressed the question whether a remand for reconsideration constitutes obtaining a substantial modification of a judgment within the meaning of the predecessor statute to ORS 20.077 in *Henderson v. Janzen, Inc.*, 303 Or 477, 737 P2d 1244 (1987). In that case, the plaintiff brought an unlawful employment practice claim against the employer. The employer obtained dismissal of the claim on summary judgment, and the plaintiff appealed. We reversed the summary judgment, and the plaintiff sought attorney fees under *former* ORS 20.015 (1987), *repealed by* Or Laws 2001, ch 417, § 5, which provided that appellate courts have discretion to award attorney fees to a party who "obtains a substantial modification of the judgment." We

allowed the request for attorney fees under that statute, reasoning that the plaintiff, having obtained the reversal and remand, had obtained a substantial modification of the judgment. The Supreme Court reversed, explaining:

> "While there can be no gainsaying the fact that plaintiff's success here is a 'substantial modification,' we believe that the Court of Appeals was too literal in awarding attorney fees under the statute on account of that intermediate and, possibly, temporary success. The statute appears to have been aimed primarily at the situation in which a final decree or judgment is affirmed but is substantially reduced or otherwise modified on appeal, *i.e.*, a situation in which the appellate disposition effectively brings the proceedings to an end. In this case, however, plaintiff succeeded only in obtaining a trial on the merits of his claim. A party who 'prevails' temporarily ultimately may lose the case on the merits. Such temporary gains do not warrant the award of attorney fees. Any other rule creates the spectre of cases in which, because of successive appeals, all or several contending parties ultimately end up owing attorney fees to each other."

*Id.* at 481-82.

■      The statute that the Supreme Court applied in *Henderson* was later repealed and replaced by ORS 20.077. The portion of the statute on which the court relied in that case, however, was carried over into the new statute unchanged. We are aware of no evidence that the legislature adopted the same wording from the predecessor statute, but nevertheless intended to imbue that wording with meaning different from what the courts had given it. To the contrary, we ordinarily assume that, when the legislature adopts wording from earlier versions of statutes, it intends to adopt any judicial construction that has been given that wording at the time of enactment. *See, e.g., Mastriano v. Board of Parole,* 342 Or 684, 693, 159 P3d 1151 (2007) ("we generally presume that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing on those statutes"); *Joshi v. Providence Health System of Oregon,* 342 Or 152, 158, 149 P3d 1164 (2006) ("We assume that, in using the term 'caused,' the legislature intended to incorporate the

legal meaning of that term that this court has developed in its cases.").

The facts of this case are not materially different from those at issue in *Henderson*. Defendant obtained the vacation of the attorney fee award and a remand for reconsideration. As we have noted, however, there is no doubt that, on remand, plaintiffs will remain entitled to a substantial award of attorney fees. Thus, as the plaintiff in *Henderson*, defendant in this case obtained an "intermediate and, possibly, temporary success." *See also English*, 230 Or App at 131 ("Further, although the county did secure a remand for redetermination of the amount of fees, it is patent that the fee award on remand will still be very substantial."). That temporary victory does not qualify as having obtained a "substantial modification of the judgment" within the meaning of ORS 20.077(3).

It necessarily follows that plaintiffs are the prevailing parties and that, as such, they are entitled to attorney fees under the contract with defendant. As we have noted, defendant does not object to the amount of the fees requested.

Designation of prevailing party revised to designate respondents Paul and Renee Haynes as prevailing party on appeal; appellant's petition for attorney fees denied; respondents' petition for attorney fees allowed in the amount of $64,015.43.