Argued and submitted November 12, 2019, affirmed July 14, petition for review denied December 9, 2021 (369 Or 69)

Galina BURLEY,
*Plaintiff-Appellant,*

*v.*

CLACKAMAS COUNTY,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV14110305; A165863

496 P3d 652

Plaintiff appeals a supplemental judgment that awarded plaintiff less than the full amount of her requested attorney fees. Plaintiff contends, contrary to the trial court's ruling, that the statutory cap under ORS 30.272 did not require a reduction of her requested attorney fees, because her claim, arising out of conduct that occurred over a period of time, did not arise out of a "single accident or occurrence" within the meaning of that provision. *Held*: Because the "single accident or occurrence" limitation in ORS 30.272 is a reference to a single tort, the trial court did not err in awarding less than the full amount of requested attorney fees.

Affirmed.

Daniel Leon Harris, Senior Judge.

Travis Eiva argued the cause for appellant. Also on the briefs was Thomas Boothe.

Shawn Lillegren, Assistant County Counsel, argued the cause for respondent. Also on the brief were Stephen L. Madkour, Clackamas County Counsel, and Andrew M. Narus, Assistant County Counsel.

Jenny M. Madkour, Nathan D. Sramek, and Jacqueline Kamins, Office of Multnomah County Attorney, filed the brief *amicus curiae* for Association of Counties and Oregon League of Cities.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed.

**DeHOOG, J.**

Plaintiff brought a whistleblower-retaliation claim against her employer, Clackamas County. A jury found that the county had engaged in retaliatory conduct in violation of both ORS 659A.199 and ORS 659A.203 and awarded plaintiff noneconomic damages of $386,916. On the county's appeal, we affirmed the judgment. *Burley v. Clackamas County*, 298 Or App 462, 446 P3d 564, *rev den*, 361 Or 721 (2019). Plaintiff now appeals from a supplemental judgment that awarded plaintiff less than the full amount of her requested attorney fees. The trial court reduced the award based on its understanding that ORS 30.272, a provision of the Oregon Tort Claims Act (OTCA) that caps awards against local governments, required a reduction. For the same reason, the court denied any post-judgment interest. Plaintiff contends that the statutory cap did not require a reduction, because her claim did not arise out of a "single accident or occurrence" within the meaning of that provision. We conclude that a reduction was required and that the trial court therefore did not err. We affirm.

After plaintiff prevailed on her whistleblower-retaliation claim, she sought attorney fees, as authorized by ORS 659A.885, and requested $878,327.50. The county asserted that the full amount of fees would exceed the limitation of liability for a local government stated in ORS 30.272(2)(f). In relevant part, ORS 30.272 provides:

"(1)   The limitations imposed by this section apply to claims that:

"(a)   Are subject to ORS 30.260 to 30.300;

"(b)   Are made against a local public body, or against an officer, employee or agent of a local public body acting within the person's scope of employment or duties;

"(c)   Arise out of a single accident or occurrence; and

"(d)   Are not claims for damage to or destruction of property.

"(2)   The liability of a local public body, and the liability of the public body's officers, employees and agents acting within the scope of their employment or duties, to any single claimant for claims described in subsection (1) of this section may not exceed:

"\*\*\*\*\*

"(f)   $666,700, for causes of action arising on or after July 1, 2014, and before July 1, 2015."

Plaintiff asserted that the limitation of liability was not applicable, because her whistleblower-retaliation claim did not arise out of "a single accident or occurrence." Rather, as alleged, it arose out of several years of whistleblowing activity and more than a year of retaliatory conduct. The trial court agreed with the county that the limitation applied, reduced plaintiff's attorney fee award to $279,784, and declined to award post-judgment interest. As a result, plaintiff's total award came to exactly $666,700, the maximum amount permitted under claims subject to the statutory cap in effect at the time.

On appeal, plaintiff does not dispute that her whistleblower-retaliation claim was a tort subject to the OTCA or that an attorney fee award and post-judgment interest would be included within the limitation described in ORS 30.272(2)(f). She contends, however, that the limitation is inapplicable to her claim, because the claim did not arise out of a "single accident or occurrence," as required by ORS 30.272(1)(c) for the limitation to apply. The OTCA does not define "single accident or occurrence." In plaintiff's view, however, those words should be interpreted to have their common meaning and to express the legislature's intention that the statute's monetary award limitation applies only to tort claims that originate from a "solitary event or episode." And here, plaintiff asserts, her claim arose from numerous distinct and successive events and episodes.

We must reject plaintiff's contention. If we were writing on a clean slate, we would undertake a statutory construction analysis and work through the template of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). In that circumstance, we likely would agree with plaintiff that, given the absence of statutory definitions, the proper starting point for construing the phrase "single accident or occurrence" would be with its ordinary meaning. *OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 589, 341 P3d 701 (2014) ("In the absence of evidence to the

contrary, we assume that the legislature intended words of common usage to be given their ordinary meanings."). Here, however, the Supreme Court has set forth the precedent that, contrary to plaintiff's argument, controls the outcome of this appeal.

In *Dowers Farms v. Lake County*, 288 Or 669, 678, 607 P2d 1361 (1980), the Supreme Court held that the phrase "accident or occurrence," as used in the then-applicable version of the OTCA, "may be read as if it said 'the tort.'" It is true that the issue before the court in *Dowers* was not the monetary limitation of the OTCA but the time limitation for bringing a claim under the OTCA. At the relevant time, ORS 30.275(3) provided, "No action shall be maintained * * * unless the action is commenced within two years after the date of such accident or occurrence." The court reasoned that the meaning of the phrase "accident or occurrence" was not "plain on its face" and therefore required judicial construction. *Id.* at 676. In the absence of statutory definitions or helpful legislative history, the court turned for context to *former* ORS 30.270 (1987), *repealed by* Or Laws 2009, ch 67, § 20, the predecessor to ORS 30.272, which established the monetary limitations on a claim under the OTCA[1] and used the terms "single accident or occurrence," "occurrence," and

---

[1] *Former* ORS 30.270 (1987) then provided, in part:

"(1) Liability of any public body or its officers, employees or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:

"(a) $25,000 to any claimant for any number of claims for damage to or destruction of property, including consequential damages, arising out of a single accident or occurrence.

"(b) $50,000 to any claimant for all other claims arising out of a single accident or occurrence.

"(c) $300,000 for any number of claims arising out of a single accident or occurrence.

"(2) No award for damages on any such claim shall include punitive damages. The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort.

"(3) Where the amount awarded to or settled upon multiple claimants exceeds $300,000, any party may apply to any circuit court to apportion to each claimant his proper share of the total amount limited by subsection (1) of this section. The share apportioned each claimant shall be in the proportion that the ratio of the award or settlement made to him bears to the aggregate awards and settlements for all claims arising out of the occurrence."

"tort." The court understood the legislature to have used those terms interchangeably, with each having the same purpose of limiting the monetary recovery on a claim arising from "some event." *Id*. at 678. The court reasoned that "the context in which the different terms were used makes it appear to us that the legislature has simply used various terms to describe the same event[,]"—the tort giving rise to the damages.[2] *Id*. "It follows," the court concluded, "that the terms may be used interchangeably and the statute may be read as if in each subsection the term 'the same tort' were used. Accordingly, the term 'such accident or occurrence' used in ORS 30.275(3) may be read as if it said 'the tort.'" *Id*.

Although the statutes have been amended, the anomalies in the statutory text that led the court to conclude in *Dowers* that different terms were intended to have the same meaning still exist. *See* ORS 30.269(4) (limiting damages for loss of services or support to those claims "arising out of the same tort"); ORS 30.269(5) (providing for apportionment of the recovery to multiple claimants for "all claims arising out of the accident or occurrence"); ORS 30.271(1), ORS 30.272(1), and ORS 30.273(1) (each limiting liability to claims that "[a]rise out of a single accident or occurrence"). Indeed, there have been many amendments to the OTCA, but no change has been made to the terms that the court interpreted in *Dowers*; in fact, those terms have since been reenacted. We assume, therefore, that the legislature has accepted *Dowers*'s interpretation of those terms. *Haynes v. Adair Homes, Inc.*, 231 Or App 144, 153-54, 217 P3d 1113, *rev den*, 347 Or 42 (2009) (When the legislature adopts wording from earlier versions of statutes, we assume that it "intends to adopt any judicial construction that has been given that wording at the time of enactment.").

Additionally, although it has had the opportunity to do so, the Supreme Court has not stepped away from its

---

[2] The court explained:

"The context in which each descriptive term is used makes it appear to us that the legislature has simply used various terms to describe the same event. It follows that the terms may be used interchangeably and the statute may be read as if in each subsection the term 'the same tort' were used. Accordingly the term 'such accident or occurrence' used in ORS 30.275(3) may be read as if it said 'the tort.'"

*Id*. at 678.

interpretation in *Dowers* that the "accident or occurrence" is the tort. In *Griffin v. Tri-Met*, 318 Or 500, 870 P2d 808 (1994), the court considered and applied the statutory cap on damages to a tort claim that, much like plaintiff's whistle-blower claim, had its origin in conduct occurring over a period of time. The plaintiff in *Griffin* brought and prevailed on a single employment-discrimination claim based on discriminatory conduct that, as in this case, had occurred over an extended period of time. The court had before it the question whether an attorney fee award was subject to the OTCA limitation. The court held that, "in an employment discrimination action such as the present one, the *** liability limit *** applies not only to the award of damages, but also to any award of attorney fees and costs." *Id*. at 515.

As plaintiff points out, the court in *Griffin* did not have before it the issue presented here—the meaning of "single accident or occurrence." But the court's holding—that the liability limit applied to the award of damages as well as the attorney fee award—is consistent with *Dowers* and an implicit adherence to that opinion's conclusion that the "single accident or occurrence" limitation is a reference to a single tort, whether the tort has its origin in a single event or a course of conduct over a period of time.

Notably, the court explained in *Griffin* that the legislative history showed that the limitation on liability under the OTCA was enacted to protect the financial stability of public bodies and to enable them to obtain insurance.[3] 318 Or at 513. *See also Horton v. OHSU*, 359 Or 168, 223, 376 P3d 998 (2016) (recognizing legislative goal of ensuring solvency

---

[3] The court explained:

"The foregoing excerpts from the legislative history demonstrate that the legislature included liability limits within the OTCA to ensure fiscal stability for public bodies and to facilitate the purchase of liability insurance by those bodies by establishing certain limits on monetary liability resulting from torts committed by the public bodies and their agents. Undoubtedly, the legislature was aware that the imposition of limits would prevent some claimants from being compensated fully for their injuries arising from such torts. Nevertheless, the legislature chose to limit the 'liability' of public bodies in order to impose a measure of certainty and to protect the public fisc. So far as we can determine, no later legislature, in modifying the OTCA liability limits, ever has abandoned that underlying purpose of quantifying and placing known limits on the financial exposure of public bodies."

*Id*. at 513.

of local governments). We can see no policy rationale for exempting from the limitation any tort that is alleged to have its origin in conduct that occurred over a period of time as distinct from a solitary incident. We conclude that the trial court did not err in holding that plaintiff's claim was subject to the monetary limitations of the OTCA.

Affirmed.