THE VILLAGE AT NORTH POINTE
CONDOMINIUMS ASSOCIATION,
aka The Association of Unit Owners of
the Village at North Pointe Condominiums,
an Oregon corporation,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

BLOEDEL CONSTRUCTION CO.,
an Oregon corporation; and
Rodger L. Bloedel, an individual,
*Defendants-Respondents*
*Cross-Appellants,*

*and*

BIG SKY CONSTRUCTION COMPANY,
an Oregon corporation;
*Defendant-Respondent*
*Cross-Respondent.*

BLOEDEL CONSTRUCTION CO.,
an Oregon corporation,
*Third-Party Plaintiff*
*Cross-Appellant,*

*v.*

BELANGER GENERAL CONTRACTING, INC.,
an Oregon corporation;
Brad Putnam, an individual, dba Oceanside Enterprises;

KNP Builders, LLC, an Oregon limited liability company;
Dominic Micherone, II, an individual;
Rich Manning Concrete, Inc., an Oregon corporation;
Walker Roofing, Inc., an Oregon corporation;
Jagow & Sons Roofing & Siding Co., Inc.,
an Oregon corporation;
Stephen Waldroup Construction, Inc.,
an Oregon corporation dba Ultra Quiet Floors;
Ernest O. Roberts, dba E & R Contractors,
an Oregon general partnership; and
Rich Manning, dba Rich Manning Concrete, Inc.,
*Third-Party Defendants-Respondents*
*Cross-Respondents,*
*and*

MASTERCRAFT RESTORATION
& MAINTENANCE, LLC,
an Oregon limited liability company;
*Third-Party Defendant.*

Lincoln County Circuit Court
082260; A151032

383 P3d 409

On appellant's petition for reconsideration filed June 1, 2016, respondents-cross-respondents Belanger General Contracting and Jagow & Sons Roofing's response to petition

for reconsideration filed June 7, 2016. Opinion filed May 18, 2016. 278 Or App 354, 374 P3d 978.

A. Richard Vial, Christopher M. Tingey, Michael D. Montag, and Vial Fotheringham LLP, for petition.

Thomas M. Christ and Cosgrave Vergeer Kester LLP, for response.

On respondents-cross-appellants Bloedel Construction Co. and Rodger L. Bloedel's amended petition for reconsideration filed June 16, 2016. Opinion filed May 18, 2016. 278 Or App 354, 374 P3d 978.

Janet M. Schroer and Hart Wagner, LLP, for petition.

On appellant's petition for attorney fees and petition for statement of costs and disbursements filed June 8, 2016; respondents-cross-respondents Belanger General Contracting and Jagow & Sons Roofing's objection to appellant's petition for attorney fees and petition for statement of costs and disbursements filed June 15, 2016; respondents-cross-appellants Bloedel Construction Co. and Rodger L. Bloedel's opposition to appellant's petition for attorney fees filed June 21, 2016, and opposition to appellant's petition for costs and disbursements filed June 22, 2016. Opinion filed May 18, 2016. 278 Or App 354, 374 P3d 978.

Christopher M. Tingey and Vial Fotheringham LLP, for petition.

Thomas M. Christ and Cosgrave Vergeer Kester LLP, for response.

Janet M. Schroer and Hart Wagner LLP, for response.

On respondent-cross-appellant Bloedel Construction Co.'s petition for attorney fees filed July 6, 2016; appellant's objection to Bloedel Construction Co.'s petition for attorney fees filed July 20, 2016; respondent-cross-appellant Bloedel Construction Co.'s reply to appellant's objection to petition for attorney fees, filed July 26, 2016. Opinion filed May 18, 2016. 278 Or App 354, 374 P3d 978.

Janet M. Schroer and Hart Wagner LLP, for petition and reply.

A. Richard Vial, Christopher M. Tingey, Michael D. Montag, and Vial Fotheringham LLP, for response.

On respondents-cross-respondents Belanger General Contracting and Jagow & Sons Roofing's petition for costs filed June 7, 2016; appellant's objection to respondents-cross-respondents Belanger General Contracting and Jagow & Sons Roofing's petition for costs filed June 21, 2016.

Thomas M. Christ and Cosgrave Vergeer Kester LLP, for petition.

A. Richard Vial, Christopher M. Tingey, Michael D. Montag, and Vial Fotheringham LLP, for response.

On respondents-cross-appellants Bloedel Construction Co. and Rodger L. Bloedel's petition for costs and disbursements filed July 6, 2016.

Janet M. Schroer and Hart Wagner LLP, for petition.

On respondent-cross-respondent Big Sky Construction's petition for costs and disbursements filed June 8, 2016; appellant's objection to respondent-cross-respondent Big Sky Construction's petition for costs and disbursements filed June 22, 2016.

Jonathan Henderson and Davis Rothwell Earle & Xochihua, P.C., for petition.

A. Richard Vial, Christopher M. Tingey, Michael D. Montag, and Vial Fotheringham LLP, for response.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**EGAN, J.**

Defendants Bloedel Construction Co. and Rodger Bloedel (collectively, the Bloedel defendants) seek reconsideration of our decision in *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 374 P3d 978 (2016) (*Village*), contending that plaintiff should not have been designated as the prevailing party on appeal and contending that their cross-appeal should have been dismissed as moot with no prevailing party.[1] Plaintiff also seeks reconsideration of our opinion, the merits of which we reject without discussion. For the reasons that follow, we allow reconsideration based on the Bloedel defendants' petition and adhere to our former opinion, but we conclude that we erred in our designation of the prevailing parties and in our disposition of the cross-appeal. Accordingly, we designate respondents Bloedel Construction Co., Rodger Bloedel, Big Sky Construction Company, Belanger General Contracting, Inc., and Jagow & Sons Roofing & Siding Co., Inc., as the prevailing parties on appeal and dismiss the cross-appeal as moot with no prevailing party.

Bloedel Construction and plaintiff also filed competing petitions for attorney fees, and all of the parties to the appeal filed statements of costs and disbursements. Based on our disposition on reconsideration, and as explained below, we award attorney fees to Bloedel Construction payable by plaintiff in the amount of $100,732.50; award costs and a prevailing-party fee to the Bloedel defendants payable by plaintiff in the amount of $529.60; award costs to Big Sky Construction Company payable by plaintiff in the amount of $373.00; award costs and a prevailing-party fee to Belanger and Jagow in the amount of $405.00 payable by plaintiff, to abide the outcome on remand. We also deny plaintiff's petition for attorney fees and statement of costs and disbursements.

---

[1] The Bloedel defendants also filed a notice of probable mootness. We reject without discussion their suggestion that our remand in *Village* to the trial court for reconsideration of the attorney fee award is moot based on their filing a partial satisfaction of the judgment. Accordingly, we adhere to our former disposition of the supplemental judgment awarding attorney fees below to Bloedel Construction.

Plaintiff, a homeowners' association of a 52-unit condominium building, brought a construction defect action against Bloedel Construction, Rodger Bloedel, and Big Sky, asserting claims for negligence, negligent misrepresentation, unreasonable interference with use and enjoyment, and breach of fiduciary duties. Plaintiff brought an additional claim for breach of the condominium unit sales contracts against only Bloedel Construction. The Bloedel defendants, in turn, brought third-party claims against various subcontractors, which included, among others, Big Sky, Belanger, and Jagow. The jury returned a verdict for defendants on all of plaintiff's claims, and the trial court entered a general judgment for defendants on plaintiff's claims and for the subcontractors on the third-party claims. *Village*, 278 Or App at 358. In three supplemental judgments, the trial court also taxed against plaintiff Bloedel Construction's attorney fees, the Bloedel defendants' costs, Belanger's costs, and Jagow's costs. *Id.* at 358-59.

Plaintiff challenged the general judgment and the three supplemental judgments on appeal. The Bloedel defendants brought a precautionary cross-appeal to be addressed only if we reversed the general judgment. In *Village*, we rejected each of plaintiff's challenges to the general judgment, and, thus, we did not address the precautionary cross-appeal. *Id.* at 357. In the tagline, we "affirmed" both the general judgment and the cross-appeal. Based on our affirming on cross-appeal, we designated "cross-respondents" as the prevailing parties on cross-appeal.

We also addressed plaintiff's challenges to the supplemental judgments. With respect to Bloedel Construction's attorney fee award, we concluded that one aspect of plaintiff's argument had merit, in that "the trial court should have apportioned fees incurred on insurance coverage issues, which were not recoverable by Bloedel Construction, from the fees incurred on the litigated claims, which were recoverable because they shared common issues with the fee-generating breach-of-contract claim." *Id.* We also vacated and remanded for reconsideration the trial court's award of costs to Belanger and Jagow against plaintiff because "the trial court erred in relying on ORS 20.096 as authority for the cost awards, but could have exercised its discretion

under ORCP 68 B to make those awards." *Id.* We designated plaintiff as the prevailing party on appeal.

In their petition for reconsideration, the Bloedel defendants argue that we erred in designating plaintiff as the prevailing party on appeal because plaintiff prevailed on only a small part of their appeal with regard to a small portion of the overall attorney fees awarded to Bloedel Construction. They argue that the more significant holdings in *Village* were our affirming the general judgment and rejecting plaintiff's attack on the attorney fee award based on its argument that most of the claims in the case were not common to the fee-generating breach-of-contract claim.

In opposing plaintiff's cost award, Belanger and Jagow similarly argue that plaintiff also should not have been designated as the prevailing party on appeal with regard to the portion of the appeal that pertained to them. They argue that they should be allowed their costs payable by plaintiff, conditional upon their prevailing on remand in the trial court. Because in *Village* we vacated and remanded the supplemental judgments for the trial court to reconsider under ORCP 68 B, they argue that it is possible, and likely, that on remand plaintiff will ultimately lose its appeal challenging the cost awards to Belanger and Jagow.

As explained below, we allow the Bloedel defendants' petition for reconsideration and conclude that we did err in designating plaintiff as the prevailing party on appeal. We also agree with Belanger and Jagow that we erred in designating plaintiff as the prevailing party on appeal with respect to the appeal of the supplemental judgments that pertained to them.

Our determination of the prevailing party on appeal for purposes of attorney fees is governed by ORS 20.077. Under that statute, "the prevailing party is the party who receives a favorable judgment * * * on the claim." ORS 20.077(2). That statute further provides that

"[n]otwithstanding subsection (2) of this section, upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in

its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment."

ORS 20.077(3). Our determination of the prevailing party on appeal for purposes of allowing costs is governed by ORAP 13.05. That provision similarly provides that "the appellant *** is the prevailing party only if the court reverses or substantially modifies the judgment or order from which the appeal or judicial review was taken. Otherwise, the respondent *** is the prevailing party." ORAP 13.05(3).

In this case, there is no dispute that the Bloedel defendants, Big Sky, Belanger, and Jagow, are the parties who received a favorable general judgment on the claims brought against them, and received favorable supplemental judgments awarding attorney fees and costs payable by plaintiff. Further, there is no dispute that, even after appeal, on remand Bloedel Construction remains entitled to a favorable judgment for a substantial amount of attorney fees, and that the trial court has the discretion to again award Belanger and Jagow a favorable judgment for their costs. Plaintiff, as a result of its appeal, only obtained (1) a reversal on a relatively small portion of Bloedel Construction's attorney fee award and a remand for the trial court to determine what amount should be deducted from the supplemental judgment for fees incurred on insurance coverage issues, and (2) a vacation of the supplemental judgments awarding costs to Belanger and Jagow and a remand for the trial court to reconsider those awards under ORCP 68 B. Thus, the question before us is whether plaintiff, based on those remands, established that it obtained a "substantial modification of the judgment" sufficient to justify our exercise of discretion to depart from the general rule that the party who obtained the favorable judgment is designated the prevailing party and, instead, designate plaintiff as the prevailing party on appeal.

Here, plaintiff has not provided us with any argument that it obtained a substantial modification of the judgment—plaintiff did not respond to the Bloedel defendants' petition for reconsideration and objected to their petition for attorney fees and the parties' respective statements for costs and disbursements based on the bare assertion that it was designated the prevailing party on appeal. Further,

we conclude that plaintiff did not obtain a substantial modification of the judgment that justifies designating plaintiff the prevailing party. On that point *Haynes v. Adair Homes, Inc.*, 231 Or App 144, 217 P3d 1113 (2009), *rev den*, 348 Or 414 (2010), is instructive.

In *Haynes*, both the plaintiffs and the defendant petitioned for attorney fees on appeal based on a contract provision. On appeal, the defendant had obtained a remand for reconsideration of the attorney fee award to the plaintiffs, and we had designated the defendant the prevailing party. *Haynes*, 231 Or App at 147. In considering the attorney fee petitions, we noted that it was undisputed that the plaintiffs had obtained the favorable judgment on their claims and, on remand, was entitled to another favorable judgment on attorney fees. Thus, the question was whether the defendant had nonetheless substantially modified the judgment such that we should exercise our discretion to designate the defendant the prevailing party on appeal. *Id.* at 149. On that question, in obtaining a remand on the attorney fee award, we concluded that the defendant had only "obtained an 'intermediate and, possibly temporary success,'" which the Supreme Court has explained does not warrant an award of attorney fees on appeal as a "substantial modification of the judgment." *Id.* at 154 (quoting *Henderson v. Jantzen, Inc.*, 303 Or 477, 481, 737 P2d 1244 (1987)). As a result, we revised our prevailing-party designation and designated the plaintiffs the prevailing party on appeal.[2]

---

[2] Because *Haynes* involved a contractual provision, there was no public policy underlying the attorney fee authorization to inform our prevailing-party decision. *Haynes*, 231 Or App at 152. In cases where the attorney fee award is authorized by statute, the legislative policy expressed in the statute can provide guidance in our exercise of discretion to designate a prevailing party. *See English v. Multnomah County*, 230 Or App 125, 131, 213 P3d 1265 (2009), *rev dismissed*, 348 Or 670 (2010) (concluding on reconsideration that it was error to designate the county the prevailing party because "although the county did secure a remand for redetermination of the amount of fees, it is patent that the fee award on remand will still be very substantial" and the policy underlying the fee statute counseled against designating the county the prevailing party); *Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or App 165, 169-70, 205 P3d 70 (2009), *rev'd on other grounds*, 349 Or 526, 246 P3d 1121 (2011) (concluding on reconsideration that it was error to designate the defendant the prevailing party because the defendant did not obtain the modification to the judgment that it sought on appeal and policy underlying the fee statute counseled against designating the defendant the prevailing party).

This case is not materially distinguishable from *Haynes*. Plaintiff has only obtained an "intermediate and, possibly temporary success" with regard to Bloedel Construction's attorney fee award because, on remand, Bloedel Construction is entitled to attorney fees after the trial court reconsiders the amount to award. Likewise, plaintiff only obtained a likely temporary vacation of Belanger's and Jagow's cost awards because the trial court in the exercise of its discretion under ORCP 68 B may reinstitute those awards. Because plaintiff did not obtain a "substantial modification" of any of the judgments that it appealed, we cannot designate plaintiff the prevailing party under ORS 20.077 or ORAP 13.05(3). As a result, it necessarily follows that the respondents on plaintiff's appeal—Bloedel Construction, Rodger Bloedel, Big Sky, Belanger, and Jagow—are the prevailing parties.

On reconsideration, the Bloedel defendants also argue that we erred in affirming the cross-appeal because the cross-appeal should have been dismissed as moot. We agree. We did not reach the merits of the cross-appeal because it became moot once we determined to affirm the general judgment on appeal. Accordingly, we withdraw our former disposition of the cross-appeal in the tagline and replace it with the following disposition: "Cross-appeal dismissed as moot."

The Bloedel defendants further argue that there should be no prevailing party on the cross-appeal because it was their own success in upholding the general judgment on appeal that resulted in the cross-appeal becoming moot. We again agree. The Bloedel defendants solely argued in their cross-appeal (in a two-page section) that, if the general judgment were reversed and remanded for a new trial based on the appeal, the judgment should also be reversed and remanded for new trial with respect to Big Sky and the third-party defendants. Big Sky agreed with the Bloedel defendants and did not oppose the cross-appeal. Belanger and Jagow, however, responded solely by raising a substantively significant cross-assignment of error, arguing that the third-party claims were barred by the statute of repose, which assignment of error also became moot when we affirmed the general judgment on appeal. We thus conclude, based on the nature of the cross-appeal and our disposition

of it, that it is also appropriate to revise the prevailing-party designation on the cross-appeal to indicate that there is no prevailing party on the cross-appeal.

Based on the forgoing, we revise the prevailing-party designation to "Respondents Bloedel Construction Co., Rodger L. Bloedel, Big Sky Construction Company, Belanger General Contracting, Inc., and Jagow & Sons Roofing & Siding Co., Inc. on appeal; no prevailing party on cross-appeal."

We likewise revise our allowance of costs based on the revised prevailing-party designation. With respect to Bloedel Construction, Rodger Bloedel, and Big Sky, we revise the cost allowance to "Costs allowed, payable by appellant on appeal." However, because the trial court could, in the exercise of its discretion on remand, either award costs or decline to award costs to Belanger and Jagow, we agree with them that their cost allowance should abide the outcome on remand. *See* ORAP 13.05(4) ("When a party prevails on appeal *** and the case is remanded for further proceedings in which the party who ultimately will prevail remains to be determined, the court may allow costs to abide the outcome of the case."). Accordingly, with respect to Belanger and Jagow, we revise the cost allowance to "Costs allowed, to abide the outcome on remand, payable by appellant on appeal."

Having revised the prevailing-party designations and cost allowances, as set forth above, we deny plaintiff's petition for attorney fees and statement of costs and disbursements. We turn now to plaintiff's objections to Bloedel Construction's petition for attorney fees and each of the remaining statements of costs and disbursements.

Bloedel Construction seeks an award of attorney fees in the amount of $100,732.50 based on the attorney fee provision in the unit sales contracts.[3] Neither Bloedel

---

[3] The contract provisions provide:

"ATTORNEY FEES: The prevailing party in any suit, action or arbitration (excluding those claims filed in Small Claims Court) shall be entitled to recovery of all reasonable attorney fees and costs (including all filing and mediator fees paid in mediation) pursuant to ORCP 68. Provided, however, if a mediation service was available to the parties when the claim arose, the

Construction nor plaintiff requested findings under ORAP 13.10(7). Plaintiff also does not object to Bloedel Construction's entitlement to those fees incurred on appeal based on the contractual provision. Plaintiff, however, does raise two objections to the reasonableness of the requested fees, which we address below. "[W]hen an attorney fees petition comports with the requirements of ORAP 13.10(5), * * * our inquiry into the request generally will be limited to the objections that are filed by the party opposing the petition." *Kahn v. Canfield*, 330 Or 10, 13-14, 998 P2d 651 (2000). Further, "[i]n the ordinary case, we are loath to undertake a wide-ranging, independent review of a petitioner's request for attorney fees, inasmuch as any questions or doubts that we might have might not be shared by the objecting party." *Dockins v. State Farm Ins. Co.*, 330 Or 1, 9, 997 P2d 859 (2000). This is an ordinary case.

Plaintiff first objects that the documentation provided by Bloedel Construction to substantiate the incurred fees is "too heavily redacted to enable evaluation of each time entry" and makes it impossible to determine if the fees are related to insurance coverage issues. Second, plaintiff objects to $8,468.50 of the requested fees that are for work performed by Dan Schanz, the Bloedel defendants' trial counsel. Plaintiff asserts that Schanz was not part of the defense on appeal and that fees incurred by him for merely staying current on the events on appeal and attending, without participating in, oral argument are not recoverable.

In response, Bloedel Construction's attorney verified that no fees requested were incurred related to insurance coverage issues, argued that the provided statements are sufficiently detailed to allow us to determine the overall reasonableness of the attorney fee request, and argued that Schanz did appear as counsel on appeal and provided invaluable assistance. Bloedel Construction also provided, in conformance with ORAP 13.10(5), facts supporting the reasonableness of the overall fee request, emphasizing that

prevailing party shall not be entitled to any award of attorney fees unless it is established to the satisfaction of the arbitrator(s) or judge that the prevailing party offered or agreed to participate in mediation prior to, or promptly upon, the filing in arbitration or court."

it seeks less than half of the amount that plaintiff sought to recover in its petition for attorney fees ($222,555.25).

As to plaintiff's specific objections, we conclude that Bloedel Construction's statements supporting its fee request are sufficiently detailed because they identify the task performed and amount of time expended on each task. *See* ORAP 13.10(5). Plaintiff has not pointed to any particular redacted entries that prevented it from evaluating the requested fee. We also accept the verification of Bloedel Construction's appellate counsel that they did not seek fees related to insurance coverage issues. Finally, Bloedel Construction is entitled to recover fees related to work performed by Schanz in connection with the appeal. Schanz has appeared as counsel on the appeal. Also, it is axiomatic that the participation of trial counsel in an appeal from a lengthy and complex trial is not only invaluable, but often crucial, to obtaining success on appeal. We thus reject each of plaintiff's objections.

Further we conclude that the requested hourly rates of the attorneys—ranging from $130 to $180 per hour—are reasonable and the overall requested hours—625.30—are also reasonable in light of the length and complexity of the record in this case; the assignments of error raised by plaintiff, and the manner in which plaintiff raised them; the objective reasonableness of Bloedel Construction's position; the assistance that Bloedel Construction's counsel's briefing and argument provided to us; and the significantly greater number of hours (943.3) expended by plaintiff's attorneys on the appeal. Accordingly, we award the total attorney fees requested by Bloedel Construction, $100,732.50.

Finally, we turn to respondents' statements of costs and disbursements. Plaintiff has objected to the $100 prevailing-party fee, allowed by ORS 20.190(1)(a), requested by each respondent because, under ORAP 13.05(6)(d)(iii), only one prevailing-party fee totaling $100 may be awarded against plaintiff. Plaintiff is correct. ORAP 13.05(6)(d)(iii) provides that a court may not "award more than one prevailing party fee against a nonprevailing party, regardless of the number of parties in the action." *See also* ORS 20.190(4) ("A court may not award *** more than one prevailing

party fee against a nonprevailing party regardless of the number of parties in the action[.]"); *Seida v. West Linn-Wilsonville School Dist. 3 J T*, 169 Or App 418, 427-28, 9 P3d 150 (2000) (holding that ORS 20.190(4) "is meant to prevent a nonprevailing party from incurring a larger penalty merely because there are multiple prevailing parties in the action" and concluding that the trial court did not err in splitting the prevailing-party fee among the prevailing defendants). Accordingly, we award a prevailing-party fee of $50 to the Bloedel defendants, a prevailing-party fee of $50 to Belanger and Jagow, and no prevailing-party fee to Big Sky, as Big Sky did not advance any independent arguments on appeal.

Plaintiff does not object to any of the other claimed costs, and the costs requested are authorized. *See* ORAP 13.05(6)(a), (e). Accordingly, with the prevailing-party fee distributed as set out above, the Bloedel defendants are awarded $529.60; Big Sky is awarded $373.00; and Belanger and Jagow are awarded $405.00, to abide the outcome on remand.

Reconsideration allowed; former opinion adhered to; former disposition on appeal adhered to; former disposition on cross-appeal withdrawn; cross-appeal dismissed as moot; designation of prevailing party revised to designate respondents Bloedel Construction Co., Rodger L. Bloedel, Big Sky Construction Company, Belanger General Contracting, Inc., and Jagow & Sons Roofing & Siding Co., Inc., as the prevailing parties on appeal and to designate no prevailing party on cross-appeal. Appellant's costs and disbursements denied; appellant's petition for attorney fees denied. Respondent Bloedel Construction Co.'s petition for attorney fees allowed in the amount of $100,732.50. Respondents Bloedel Construction Co. and Rodger L. Bloedel's costs and disbursements allowed in the amount of $529.60; respondent Big Sky Construction Company's costs and disbursements allowed in the amount of $373.00. Respondents Belanger General Contracting, Inc., and Jagow & Sons Roofing & Siding Co., Inc.'s costs and disbursements allowed in the amount of $405.00, to abide the outcome on remand.