Argued and submitted February 15; general judgment affirmed, supplemental
judgment reversed and remanded Apri 27, 2022

RAM INVESTMENTS, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

WEST UNION DEVELOPMENT, LLC,
an Oregon limited liability company;
West Oregon Nursery, Inc.,
an Oregon corporation;
Nish Land, LLC,
an Oregon limited liability company;
and TD Farm, LLC,
an Oregon limited liability company,
*Defendants-Respondents.*

Washington County Circuit Court
18CV55794; A174427

510 P3d 958

Janelle F. Wipper, Judge.

Edward H. Trompke argued the cause for appellant. Also on the briefs were Jordan Ramis PC and Christopher K. Dolan.

Frank J. Godfrey, III argued the cause for respondents. Also on the brief was Moomaw, Mesirow & Godfrey, LLP.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PER CURIAM

General judgment affirmed; supplemental judgment reversed and remanded.

**PER CURIAM**

In this action to enforce the exercise of an option to purchase real property, plaintiff appeals from a general judgment entered in favor of defendants and a supplemental judgment awarding attorney fees, expenses, and costs and disbursements to defendants. Plaintiff raises four assignments of error. The first two assignments pertain to the general judgment; we reject those assignments without discussion and, therefore, affirm the general judgment. Plaintiff's third and fourth assignments pertain to the supplemental judgment. In those two assignments, plaintiff asserts that the trial court erred in awarding the amount of attorney fees it awarded and erred in awarding defendants their requested litigation expenses and expert witness fee. We reject without discussion the portion of the third assignment regarding the attorney fees. We conclude that the trial court erred in awarding the litigation expenses and expert witness fee on the basis that it awarded them, and we therefore reverse and remand the supplemental judgment.

The parties entered into an Agricultural Property Lease that contains an option to purchase property. The lease also contains an attorney fee provision that allows the prevailing party in an action arising out of the lease to recover attorney fees and expenses from the losing party. Plaintiff filed an action against defendants seeking to enforce the option to purchase property. Defendants prevailed in the litigation. The general judgment entered by the trial court states that "Defendants as prevailing parties, are awarded their reasonable attorney's fees, costs and disbursements against Plaintiff in an amount to be determined by supplemental judgment under ORCP 68 C."

Defendants filed their statement of attorneys' fees with exhibits attached, seeking, in part, and as relevant to this appeal, litigation expenses in the amount of $1,243.75[1] and an "Appraisal Fee and Expert Witness Fee" in the amount of $3,000. Plaintiff filed a written objection and declaration of counsel in support of the objection. Defendants submitted a response to plaintiff's objection. Neither party

---

[1] The filings indicate that those expenses are defendants' one-half of the mediator's fee from the mediation that the parties engaged in prior to litigation.

requested a hearing, and the trial court ruled based on the parties' written submissions without providing an explanation for its ruling. The court entered a supplemental judgment and money award, which included an award for the mediation expenses and expert fee. As noted, plaintiff appeals from the supplemental judgment.

On appeal, plaintiff asserts that the mediation expenses and the expert fee could not be awarded as litigation expenses or costs under Oregon case law, Oregon statutes, or ORCP 68. Defendants do not dispute that contention; rather, defendants argue that the parties' lease provides legal authority for the award. Based on our review of the record, and considering the arguments made in the written submissions by the parties below as to the expenses and fee in question, we do not understand the trial court's ruling to be based on an interpretation of a provision in the parties' contract. Given the legal arguments made in the trial court, we agree with plaintiff that the trial court erred here.[2]

To the extent that defendants' reliance on the parties' lease agreement in support of the trial court's ruling might be viewed as an alternate basis on which we could affirm the trial court's decision, we conclude that this issue is not a legal question on which we would exercise our discretion to affirm on an alternate basis. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (if "losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider" alternative basis for affirmance) (emphasis in original)).

Defendants argue on appeal that an award of the mediation expenses and expert fee is contemplated by the attorney fee provision in the parties' lease, which states, in part, "the losing party shall pay to the prevailing party its reasonable attorney fees, *together with all expenses*." (Emphasis added.) Therefore, according to defendants, there

---

[2] We note that defendants relied on the lease to support recovery of "reasonable attorneys' fees," but did not specifically invoke the lease as the basis for an award of the mediation expenses and expert fee.

is legal support for the award. In plaintiff's reply brief, it contends that defendants did not argue below that the lease allowed them to recover the mediation expenses and expert fee. Plaintiff also disagrees with defendants' interpretation of the term "expenses" in the lease provision, characterizing it as "aggressive."

The record might have developed differently below had defendants relied on the parties' lease as the basis on which the mediation expenses and expert fee could be awarded. Although not presented in a developed argument, it is evident from the parties' briefing on appeal that they disagree as to the meaning of the attorney fee provision in the lease. There are possible factual issues relating to contract formation and any ambiguity in the contract's terms.[3] *See Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 315-17, 129 P3d 773, *rev den*, 341 Or 366 (2006) (explaining that, in determining whether a contract term is ambiguous, a court must consider evidence of the circumstances of contract formation, if provided by the parties). Therefore, we reverse and remand.[4]

General judgment affirmed; supplemental judgment reversed and remanded.

---

[3] We observe that although the lease contains an attorney fee provision providing for payment of "all expenses," the lease also contains a mediation provision that states, in part, that the "cost of mediation must be shared equally by the parties." Given our disposition, we need not determine the meaning of the parties' contract.

[4] We conclude that plaintiff has not obtained a substantial modification of the judgments on appeal and therefore designate defendants as the prevailing party on appeal. ORS 20.077(3); ORAP 13.05(3); *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 281 Or App 322, 329-31, 383 P3d 409 (2016).