On respondent's petition for reconsideration filed April 5, and appellants' response to petition for reconsideration filed April 12, opinion filed March 29, 325 Or App 37, 529 P3d 970 (2023); reconsideration allowed, former opinion and disposition adhered to, designation of prevailing party revised to designate respondent as the prevailing party on appeal and allowing costs to respondent payable by appellants June 22; petition for review denied October 5, 2023 (371 Or 476)

Eric C. BUSH,
an individual,
*Plaintiff-Respondent,*

*v.*

CITY OF PRINEVILLE,
a political subdivision of the State of Oregon,
and Michael Boyd, an individual,
*Defendants-Appellants,*

*and*

LEAGUE OF OREGON CITIES
and Association of Oregon Counties,
dba Local Government Personnel Institute,
*Defendants.*

Crook County Circuit Court
14CV08987; A175868 (Control)

Eric C. BUSH,
an individual,
*Plaintiff-Respondent,*

*v.*

CITY OF PRINEVILLE,
a political subdivision of the State of Oregon,
and Michael Boyd, an individual,
*Defendants,*

*and*

LEAGUE OF OREGON CITIES
and Association of Oregon Counties,
dba Local Government Personnel Institute,
*Defendants-Appellants.*

Crook County Circuit Court
14CV08987; A175907

532 P3d 1261

Respondent seeks reconsideration of the decision in *Bush v. City of Prineville*, 325 Or App 37, 529 P3d 970 (2023), contending that appellants should not have been designated the prevailing parties on appeal or awarded costs. *Held*: The Court of Appeals allowed the petition for reconsideration and revised the prevailing party designation because, even though the decision reversed the third supplemental judgment for the trial court to apportion fees, it did not represent a substantial modification of the judgment from which the appeal was taken.

Reconsideration allowed; former opinion and disposition adhered to; designation of prevailing party revised to designate respondent as the prevailing party on appeal and allowing costs to respondent payable by appellants.

A. Michael Adler, Senior Judge.

Roxanne L. Farra and Roxanne L. Farra, P.C., for petition.

Janet M. Schroer and Hart Wagner LLP and Robert E. Franz, Jr. and Law Office of Robert E. Franz, Jr. for response.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reconsideration allowed; former opinion and disposition adhered to; designation of prevailing party revised to designate respondent as the prevailing party on appeal and allowing costs to respondent payable by appellants.

**PAGÁN, J.**

Plaintiff seeks reconsideration of our decision in *Bush v. City of Prineville*, 325 Or App 37, 529 P3d 970 (2023), contending that defendants, the parties who filed the appeal, should not have been designated the prevailing parties on appeal or awarded costs. For the reasons that follow, we allow reconsideration and adhere to the former opinion, but we designate plaintiff as the prevailing party on appeal. Plaintiff is entitled to an award of costs on appeal payable by defendants, the City of Prineville (the city) and the Local Government Personnel Institute (LGPI).

Our determination of the prevailing party on appeal for purposes of allowing costs is governed by ORAP 13.05(3), which provides that the appellant "is the prevailing party only if the court reverses or substantially modifies the judgment or order from which the appeal or judicial review was taken. Otherwise, the respondent * * * is the prevailing party." ORAP 13.05(3). Similarly, "upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment." ORS 20.077(3).

In similar circumstances, we have focused on the practical effects of our decision on the parties below. In *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 281 Or App 322, 327, 383 P3d 409 (2016), we allowed reconsideration and changed the prevailing party designation. We had reversed and remanded a supplemental judgment because the trial court should have apportioned fees. Noting that our decision provided only an "intermediate and, possibly, temporary success," we determined that the party obtaining that reversal was not the prevailing party on appeal. *Id.* at 332 (internal quotation marks omitted). Furthermore, on remand, one of the defendants remained "entitled to a favorable judgment for a substantial amount of attorney fees," which weighed against a determination that the party who obtained the reversal was the prevailing party on appeal. *Id.* at 330; *see also English v. Multnomah County*, 230 Or App 125, 131, 213 P3d 1265 (2009), *rev dismissed*,

348 Or 670 (2010) (granting plaintiff's petition for reconsideration and changing the prevailing party designation because, although the defendant "did secure a remand for redetermination of the amount of fees, it is patent that the fee award on remand will still be very substantial").

Here, defendants appealed, and we reversed the third supplemental judgment for the trial court to apportion fees between the city and LGPI after December 2, 2014. *Bush*, 325 Or App at 39. On remand, plaintiff will be entitled to the same amount of attorney fees for work performed from September 3, 2013 to December 2, 2014, and plaintiff will be entitled to reasonable attorney fees from December 3, 2014 to September 10, 2015. *Id.* at 60. As a result, defendants obtained an intermediate, possibly temporary, success, and, on remand, plaintiff will be awarded a significant amount of attorney fees. Our opinion does not necessarily require the trial court to reduce fees by any particular amount, but rather to apportion the fees appropriately. Thus, our decision does not represent a substantial modification of the judgment from which the appeal was taken. Under ORAP 13.05(3) and ORS 20.077(3), it follows that plaintiff is the prevailing party entitled to an award of costs on appeal.

Reconsideration allowed; former opinion and disposition adhered to; designation of prevailing party revised to designate respondent as the prevailing party on appeal and allowing costs to respondent payable by appellants.