No. F957       December 26, 2024       185

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Erika Katrin MEYER,
*Plaintiff-Appellant,*

*v.*

WILLAMETTE DENTAL,
Jennifer Nguyen, Koichi Saito, Advantage Dental,
Joseph Jamus, Adam Polan, Ian Dickinson,
Head & Neck Surgical Associates, Anish A. Patel,
*Defendants-Respondents,*

*and*

ROOTS DENTAL,
*Defendant.*

Multnomah County Circuit Court
22CV44081; A182235

Beth A. Allen, Judge.

Submitted November 8, 2024.

Erika Katrin Meyer filed the brief *pro se*.

Grant D. Stockton, James F. Fryer, and Brisbee & Stockton LLC filed the answering brief for respondents Willamette Dental, Jennifer Nguyen, and Koichi Saito.

Ruth A. Casby, Clark R. Horner, and Hart Wagner LLP filed the answering brief for respondents Advantage Dental, Joseph Jamus, and Adam Polan.

Jay W. Beattie, Katie M. Eichner, and Lindsey Hart, LLP, filed the answering brief for respondent Ian Dickinson.

Janet M. Schroer and Hart Wagner LLP filed the answering brief for respondents Head & Neck Surgical Associates and Anish Patel.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals a judgment dismissing her claims in a civil action against multiple dental providers, including for negligence and medical battery.[1] Plaintiff raises a single assignment of error, contending that the trial court erred in granting defendants' motions for summary judgment.[2] Having reviewed the entire record; "the evidence, and all reasonable inferences that may support it, in the light most favorable to [plaintiff] as the nonmoving party to determine whether there are any genuine issues of material fact and whether [the moving parties] were entitled to judgment as a matter of law[,]" *Hathaway v. B & J Property Investments, Inc.*, 325 Or App 648, 664, 531 P3d 152 (2023), *rev allowed*, 372 Or 534 (2024), we conclude that the trial court correctly determined that plaintiff did not produce evidence necessary to support her claims.

In order to defeat a motion for summary judgment, the nonmoving party "must present evidence that gives the factfinder a basis[,] other than sheer speculation[,] to conclude that the elements of the claim have been met." *Peterson Machinery Co. v. May*, 313 Or App 454, 455, 496 P3d 672 (2021) (internal quotation marks omitted). Here, although we acknowledge that plaintiff offered evidence expressing the basis for her claims, we determine that plaintiff's evidence was insufficient to meet the legal standard. We therefore affirm the trial court's judgment dismissing plaintiff's claims.

Affirmed.

---

[1] The trial court dismissed plaintiff's other claims; plaintiff does not challenge those dismissals on appeal.

[2] Plaintiff raises at least three additional arguments challenging other rulings that the trial court made. We decline to address those arguments, as plaintiff did not properly assign error to the rulings as required under ORAP 5.45 and they are thus not properly before us. *See, e.g.*, *Village at North Pointe Condo. Assn. v. Bloedel Const.*, 278 Or App 354, 359-60, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016) (explaining that "[c]ompliance with ORAP 5.45 is not a matter of mere form; it is crucial to our ability to review trial court rulings for error"). Even so, we note that plaintiff's additional arguments would not change the outcome of this appeal.