No. 256 March 19, 2025 225

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ADAIR HOMES, INC.,
*Plaintiff-Respondent,*

*v.*

Wesley BROOKS,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CV13702; A182806

Eva J. Temple, Judge.

Argued and submitted February 4, 2025.

Wesley Brooks argued the cause and filed the brief *pro se*.

Martin E. Hansen argued the cause for respondent. Also on the brief was Francis Hansen & Martin LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

This appeal originates from a dispute between the parties relating to the construction of defendant's home. After dismissing other claims for other reasons, the trial court granted summary judgment in plaintiff's favor on defendant's counterclaims for violation of the Unfair Trade Practices Act, negligence, and fraud, which were the only remaining claims in the case. On appeal of the resulting judgment, defendant raises six assignments of error, directed at (1) the dismissal of defendant's counterclaims, (2) the parties' agreement regarding arbitration, (3) the denial of a discovery request, (4) alleged bias by the trial judge against defendant, (5) the trial court's alleged failure "to judge and rule on evidence of the claims brought before it," and (6) the dismissal of defendant's counterclaims on statute of limitations grounds.

Defendant's opening brief is noncompliant with ORAP 5.45 to a degree that substantially hampers our review. Several assignments of error do not identify a specific ruling being challenged, none identify how the individual claim of error was preserved, and none identify the applicable standard of review for that claim of error.[1] *See* ORAP 5.45(1), (3) - (5). "Compliance with ORAP 5.45 is not a matter of mere form[—]it is crucial to our ability to review trial court rulings for error and to determine whether the appellant's claims of error were preserved below"—such that "failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal." *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 359-60, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016). Relatedly, although we may overlook technical deficiencies that do not unduly hamper our review, *id.* at 361, it is not "our proper function" as a neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App

---

[1] We recognize that, after plaintiff filed its answering brief, defendant requested to file an amended opening brief. That request was denied, presumably because the answering brief had already been filed. We note that, although the proposed amended opening brief was somewhat more compliant with ORAP 5.45, it would not have solved some of the more fundamental problems with how defendant's arguments are presented in terms of ORAP 5.45 compliance and reviewability.

696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Vukanovich v. Kine*, 302 Or App 264, 287, 461 P3d 223, *rev den*, 366 Or 827 (2020) ("[W]ithout a developed argument from plaintiff to support his claim of error, we will not reverse the trial court's conclusion as to the bonds theory."). Thus, ultimately, to create a possible basis for reversal, the appellant must sufficiently comply with the procedural rules and present adequately developed legal arguments so as to allow us to rule on the appellant's claim of error rather than crafting it.

Having described the parameters within which we conduct our review, we have considered defendant's claims of error as we understand them, in the context of the record in this case. We conclude that defendant has not identified any sound legal basis for reversal of the judgment. Accordingly, we affirm.

Affirmed.