294 March 26, 2025 No. 267

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Earl Edgar Koeneman,
Deceased.

Kelly BARNETT,
*Appellant,*

*v.*

Connie KOENEMAN,
*Respondent.*

Crook County Circuit Court
19PB07607, 19PB03591;
A181908 (Control), A181242

Peter Shepherd, Judge pro tempore.

Argued and submitted December 4, 2024.

Kelly A. Barnett argued the cause and filed the brief for appellant *pro se.*

No appearance for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Mooney, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In these consolidated probate cases concerning the estate of Earl Edgar Koeneman, appellant appeals the judgment discharging the personal representative and closing the estate. Appellant filed an objection in the small estate proceeding, Case No. 19PB03591, claiming, among other things, that she was owed in excess of $500,000 from the estate for private nursing services that she had provided to the decedent. The small estate case was, with appellant's agreement, consolidated with Case No. 19PB07607, and the matter proceeded as a regular probate case.

On appeal, appellant states six assignments of error. Among other things, she asks us to "narrowly construe the [Oregon Probate Code] to avoid unconstitutionality, in light of alleged violations of the Oregon Constitution § 34; the United States Constitution XIIIth Amendment; [the Trafficking Victims Protection Act of 2000]; 18 USC 1593 and ORS 30.867 where civil causes of action are authorized for an otherwise criminal offense." And she requests that we remand with instructions "on the interpretation of the federal probate exception, and constitutional rights and federal remedies under the [Oregon Probate Code]." Appellant's brief covers a number of issues that raise factual and legal questions about many things. What it does not do, unfortunately, is clearly identify individual rulings by the trial court that she wishes to challenge and provide focused argument specific to those rulings.

While we are mindful of appellant's *pro se* status, she bears the burden to identify the rulings that she asks us to review. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."). Compliance with the rules of appellate procedure "is not a mere matter of form, or simply a hoop to be jumped through on the way to briefing the merits of an appeal." *John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 471, 402 P3d 719 (2017). It "is crucial to our ability to review trial court rulings for error and to determine whether the appellant's claims of error were preserved below"—to the point that "failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal."

*Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 359-60, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016).

Similarly, although we may overlook technical deficiencies that do not unduly hamper our review, *id.* at 361, it is not "our proper function" as a neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Vukanovich v. Kine*, 302 Or App 264, 287, 461 P3d 223, *rev den*, 366 Or 827 (2020) ("[W]ithout a developed argument from plaintiff to support his claim of error, we will not reverse the trial court's conclusion as to the bonds theory."); *Briggs v. Lamvik*, 242 Or App 132, 142 n. 9, 255 P3d 518 (2011) (it is not our role to search the record for error or to engage in our own "search for the truth of an unsupported legal proposition"). In short, to create a situation in which reversal is even possible, an appellant must file an opening brief that is sufficiently compliant with our rules and contains sufficiently developed legal arguments that it will allow us to rule on the appellant's claims of error, rather than crafting arguments for the appellant.

Here, although appellant asserts that the probate court erred in several different ways, she is vague as to the actual rulings she is challenging and does not develop supporting legal arguments or otherwise explain how it is that any such error violated the state and federal constitutional prohibitions against involuntary servitude. In her first assignment, for example, appellant asserts that the probate court failed to afford her due process of law when it "failed to address jurisdiction in" either of the consolidated probate cases. She does not, however, identify the ruling being challenged, and her reference to an appendix "for lengthy chart of errors and preservations" does not clarify the challenged ruling or how it is connected to the relief she now seeks. All of appellant's assignments suffer from similar deficiencies.

Appellant has failed to identify a sound legal basis for reversal of the judgments. We therefore must affirm.

Affirmed.