No. 592 July 2, 2025 615

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CENRIC JAMES NIGBUR,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR57839; A183198

Kathie F. Steele, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, filed the opening brief for appellant. Cenric James Nigbur filed the supplemental brief *pro se.*

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant pleaded guilty and was convicted of luring a minor, ORS 167.057, a Class C felony. *See* ORS 167.057(1)(a) (defining that crime to include "[f]urnish[ing] to, or us[ing] with, a minor, a police officer posing as a minor or an agent of a police officer posing as a minor, a visual representation or explicit verbal description or narrative account of sexual conduct for the purpose of inducing the minor or purported minor to engage in sexual conduct"). On appeal, in two counseled assignments of error, he argues that, given the circumstances of the offense, the trial court erred by (1) imposing a felony conviction, and (2) designating it a sex crime. He also raises numerous *pro se* assignments of error. For the following reasons, we affirm.

*Imposing a felony conviction.* Defendant contends that the trial court abused its discretion when it declined to reduce his offense to a misdemeanor conviction. Under ORS 161.705(1), the court had the authority to enter a judgment of conviction for a Class A misdemeanor instead of a Class C felony if, upon "considering the nature and circumstances of the crime and the history and character of the defendant," it "believe[d] that a felony conviction would be unduly harsh." The court did not believe that a felony conviction would be unduly harsh under the circumstances, and so it declined to enter a misdemeanor conviction at sentencing, although it noted that defendant was "free to ask" again if he successfully completed probation.

Defendant contends that the trial court abused its discretion. *See State v. Rodarte*, 178 Or App 173, 177, 35 P3d 1116 (2001) (ORS 161.705 requires the exercise of discretion). The state responds that the claim of error is unreviewable and, in any event, fails on the merits. We agree with the state on both points. The claim of error is unreviewable under ORS 138.105(5), which provides that appellate courts have "no authority to review *** a conviction based on the defendant's plea of guilty or no contest," subject to two narrow exceptions not applicable here. *See State v. Colgrove*, 370 Or 474, 497, 521 P3d 456 (2022) ("conviction" in ORS 138.105(5) means "the judicial determination of guilt as reflected in the judgment entered on the plea,

which encompasses intermediate trial court rulings that led to the entry of the judgment containing that judicial determination"). Moreover, even if it were reviewable, we would conclude that the trial court did not abuse its discretion on this record. We therefore reject the first assignment of error.

*Designation as a sex crime.* Defendant next argues that the trial court erred in designating his offense a sex crime, given that it involved an undercover officer posing as a 15-year-old girl, and given defendant's low risk of reoffending or engaging in violence. Again, our review is for abuse of discretion, requiring us to determine whether the trial court's decision comes within the range of legally permissible choices given the facts. *State v. Dunham*, 336 Or App 30, 43, 560 P3d 736 (2024).

Luring a minor may be designated a sex crime if, as relevant here, the trial court finds, first, that the defendant reasonably believed the purported minor to be under 16 years of age and, second, that designating the offense as a sex crime is necessary for the safety of the community, given the nature of the offense, the age of the purported minor, and the defendant's criminal history. ORS 167.057(5)(a). In this case, defendant, aged 27, engaged in sexually explicit conversations over two days with someone he believed to be a 15-year-old girl, and then traveled to a meet-up location for the purpose of having sexual contact with her. The trial court considered that behavior "very, very concerning," particularly given the effect it likely would have had on an actual 15-year-old girl. We agree with the state that the trial court did not abuse its discretion in deciding on this record to designate the offense as a sex crime.[1] We therefore reject the second assignment of error.

---

[1] We are troubled by one remark that the trial court made during its extended colloquy with defendant at sentencing. In conjunction with explaining to defendant why it found his conduct so concerning, the court made a remark to the effect that it did not really care what happened to him. Both the substance of that remark and how it was conveyed (using a swear word) were inappropriate in our view. Ultimately, however, the remark was anomalous in a long exchange that ended in a thoughtful ruling grounded in appropriate considerations. Defendant has brought the remark to our attention by quoting it in his counseled brief, so we acknowledge it, but he does not argue that it gives rise to any kind of reversible error, nor do we see how it would on this record.

Pro se *assignments of error.* Defendant has filed a *pro se* supplemental brief in which he seeks to raise a multitude of additional claims of error. Defendant's failure to comply with the Oregon Rules of Appellate Procedure substantially impairs our review. *See* ORAP 5.45 (setting forth requirements for briefs); *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 359-60, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016) (compliance with ORAP 5.45 is "crucial" to properly put issues before the appellate court, to such a degree that "failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal"). Having considered defendant's arguments as we understand them, we reject them both on procedural grounds and on the merits. Defendant has not identified any reversible error by the trial court.

Affirmed.